1   Thaddeus J. Stauber (State Bar No. 225518)
2   tstauber@nixonpeabody.com
    NIXON PEABODY LLP
3   Gas Company Tower
4   555 West Fifth Street, 46th Floor
    Los Angeles, California 90013
5   Telephone: (213) 629-6000
6   Fax: (213) 629-6001

7   Bruce E. Copeland (State Bar No. 124888)
8   bcopeland@nixonpeabody.com
    NIXON PEABODY LLP
9   One Embarcadero Center, 18th Floor
10  San Francisco, California 94111-3600
    Telephone: (415) 984-8200
11  Fax: (415) 984-8300

12
    Attorneys for Defendants
13  CONSTELLATION BRANDS, INC. and
14  CONSTELLATION WINES U.S., INC.

15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA

17  MARK ZELLER, on behalf of himself and     Case No.: CV10 8601 CAS VBKx
18  others similarly situated,
                                              Los Angeles Superior Court Case No.
19              Plaintiff,                    BC443338

20
            v.                                **NOTICE OF REMOVAL OF CIVIL**
21                                            **ACTION FROM STATE COURT**
22  CONSTELLATION BRANDS, INC.;               **PURSUANT TO 28 U.S.C. §§ 1332,**
    CONSTELLATION WINES U.S. INC.;            **1441, AND 1446**
23  SICA CAVES DU SIEUR D'ARQUES;
24  AIMERY SIEUR D'ARQUES;                    [Jurisdiction Pursuant to Class Action
    VIGNERON DU SIEUR D'ARQUES;               Fairness Act and Diversity]
25  DOMAINE ET VIGNOBLE DU SUD,
26  formerly known as Société Ducasse; and
    DOES 1 to 50 Inclusive,
27                                            Trial Date:  None Set

28              Defendants.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§ 1332, 1441, AND 1446 (CAFA AND DIVERSITY)                    13201499.8

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND TO PLAINTIFF'S ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Constellation Brands, Inc. and Constellation Wines U.S., Inc. (collectively, "Constellation") hereby give notice of the removal of this civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441(b), and 1446(b) on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. *See* 28 U.S.C. § 1332(d). Plaintiff is a citizen of California, Defendants are citizens of Delaware, New York, or France, and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs.

2.   This Court also has original jurisdiction over this action pursuant to traditional principles of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff is a citizen of California, Defendants are citizens of Delaware, New York, or France, and the amount in controversy as to one or more Defendants exceeds $75,000, exclusive of interest and costs.

## II.   VENUE

3.   Despite the venue indicated on the caption of the original Complaint, this action was initially filed in Los Angeles Superior Court. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## III.   REMOVAL IS TIMELY

4.      Pursuant to U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days after service of the summons and complaint. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5.      Plaintiff filed his original Complaint on August 10, 2010 and first served it and a summons on Constellation on October 12, 2010.  This Notice of Removal is being filed on November 10, 2010, within thirty days after such service.  Accordingly, this Notice of Removal is timely.[1]

## IV.   PLEADINGS, PROCESS, and ORDERS

6.      A true and correct copy of the Complaint in this action is attached as Exhibit A.

7.      True and correct copies of the remaining papers on file in the Los Angeles Superior Court in Case No. BC 443338 are attached as Exhibit B.

8.      To the best of Constellation's knowledge, no further process, pleadings, or orders relating to this case have been filed in Los Angeles Superior Court.

## V.   THE OTHER DEFENDANTS NEED NOT JOIN IN THIS REMOVAL

9.      "[A] party not served need not be joined" in a notice of removal. *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984);

---

[1] If Plaintiff attempts to challenge the amounts in controversy in this Notice of Removal, Constellation reserves the right to argue in response that the time to remove therefore will not have expired because Plaintiff will have established that the allegations of the complaint failed adequately to specify those amounts. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  That having been said, application of the sworn facts supplied by Constellation to the current allegations ("at least hundreds of thousands bottles" of wine were sold "nationwide to at least tens of thousands of class members," who are "[a]ll residents of the United States who purchased one or more bottles of wine" from the Constellation Defendants over a four year period, Complaint ¶¶ 49, 51) establishes that the amounts in controversy support removal.

-3-

*accord, e.g., Community Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925); *Mitchell v. Paws Up Ranch, LLC*, 597 F. Supp. 2d 1132, 1135 (D. Mont. 2009).

10.    Constellation has undertaken "reasonable diligence," *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007), in attempting to ascertain whether any other Defendants have been served in this action.

11.    The state court's docket lists proofs of service only for Constellation.  A copy of that docket, dated November 9, 2010, is attached as Exhibit C. *See also* Declaration of Christopher M. Mason dated November 9, 2010 ("Mason Dec.") ¶ 4.

12.    Constellation has made due inquiry of counsel for the other named Defendants.  None of them has indicated that their clients have been served with a summons and complaint in this action.  Mason Dec. ¶¶ 2-3.  Accordingly, none of the other named Defendants need join in this removal for purposes of traditional diversity jurisdiction, nor is their consent required. *See, e.g., Salveson*, 731 F.2d at 1429; *accord, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

13.    No consent by any defendant other than the removing defendant itself is required for removal pursuant to CAFA. *See* 28 U.S.C. § 1453(b).

## V.    JURISDICTION PURSUANT TO CAFA

14.    This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil class action in which the proposed class contains at least 100 members; Defendants are not states, state officials, or other governmental entities; the total amount in controversy for all class members exceeds $5,000,000; and there is diversity between at least one class member and Defendants.

### A.    The Proposed Class Contains At Least 100 Members

15.    Plaintiff seeks to represent a class of "[a]ll residents of the United States who purchased one or more bottles of 2005, 2006, 2007, or 2008 Constellation Brand wine labeled as 'Pinot Noir' ('Proposed Class')," Complaint ¶ 49, and therefore necessarily include wholesale customers of Constellation.

-4-

16.     Plaintiff asserts that wine labeled as "Pinot Noir" by Constellation was sold to "at least tens of thousands of class members."  Complaint ¶ 51.

**B.     The Defendants Are Not Governmental Entities**

17.     Plaintiff alleges that Defendants are business entities, not states, state officials, or other governmental entities.  Complaint ¶¶ 10-15.

**C.     The Amount In Controversy Exceeds $5,000,000**

18.     The Complaint does not allege any amount in controversy.  This failure does not deprive the Court of jurisdiction.  *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19.     Constellation sold more than 5,500,000 bottles of Constellation wine labeled "French Pinot Noir" to wholesalers in 2008 alone.  Declaration of Dan Gaiek dated November 9, 2010 ("Gaiek Dec.") ¶ 5.

20.     While the cost of Constellation wine labeled "Pinot Noir" varied from label to label and from year to year, the least expensive such bottles sold during the 2005 to 2008 period sold for a wholesale price of approximately $3.00.  Gaiek Dec. ¶ 6.

21.     While Constellation believes that no person has any claim against it in any amount in this case, the amount in controversy necessarily alleged in the Complaint, even if only Constellation's 2008 sales were considered, and even if those sales were considered at only the lowest wholesale price per bottle during the period 2005 to 2008, exceeds $16,500,000.  Gaiek Dec. ¶ 7.

**D.     Minimal Diversity Exists Under CAFA**

22.     CAFA requires for purposes of diversity of citizenship only that at least one plaintiff have citizenship different from that of any one defendant.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§ 1332, 1441, AND 1446 (CAFA AND DIVERSITY)

13201499.8

23.    As a natural person residing in California, Complaint ¶ 7, Plaintiff is a citizen of this State. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

24.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). This "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . [I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center' . . . ." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

25.    Defendant Constellation Brands, Inc. is incorporated in Delaware, Complaint ¶ 10, and its headquarters, from which its corporate officers direct and control its activities, is in New York, Gaiek Dec. ¶ 3.

26.    Defendant Constellation Wines U.S., Inc. is incorporated in New York, Complaint ¶ 11, and its headquarters, from which its corporate officers direct and control its activities, is in New York, Gaiek Dec. ¶ 4.

27.    Defendant Aimery Sieur d'Arques is a French entity with its principal place of business in France. Complaint ¶ 12.

28.    Defendant SICA Caves du Sieur d'Arques is a French entity with no offices in the United States. Complaint ¶ 13.

29.    Defendant Vigneron du Sieur d'Arques is a French entity with its principal place of business in France. Complaint ¶ 14.

30.    Domaine et Vignoble du Sud (formerly known as Société Ducasse) is a French entity with its principal place of business in France. Complaint ¶ 15.

31.    Defendants Does 1 through 50 are fictitious. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy

-6-

the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

32.     Because Plaintiff is a citizen of California, a State different from the State of citizenship of any of the Defendants, minimal diversity necessarily exists.

33.     As the named plaintiff is diverse from at least one Defendant, and the amount in controversy exceeds $5,000,000, removal of this action under CAFA is proper.

## VI.    TRADITIONAL DIVERSITY JURISDICTION EXISTS IN THIS CASE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(b), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil class action in which the Plaintiff's citizenship is diverse from the citizenship of all Defendants and because the amount in controversy between at least one putative class member and at least one Defendant exceeds $75,000.

### A.    Complete Diversity Exists Between the Parties

34.     Because none of the named Defendants is a citizen of California, and Plaintiff is a citizen only of California, complete diversity exists for purposes of traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332 in this case.  The citizenship of absent proposed class members is not relevant to this inquiry. *E.g., Snyder v. Harris*, 394 U.S. 332, 340 (1969).

### B.    The Amount in Controversy Exceeds $75,000

35.     For purposes of amount in controversy, only one proposed class member's claim must meet the $75,000 jurisdictional minimum for traditional diversity jurisdiction. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676. 689 (9th Cir. 2006).

36.     In 2008, one wholesale customer, Southern Wines & Spirits of Florida, purchased 14,336 cases of Constellation Woodbridge brand French Pinot Noir (1.5 Liter) at $45.31 per case, for a total of $649,654.  Gaiek Dec. ¶ 8.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§ 1332, 1441, AND 1446 (CAFA AND DIVERSITY)

13201499.8

37. In 2008, another wholesale customer, Charles Gilman & Sons, Inc. of Massachusetts, purchased 7,232 cases of Constellation Woodbridge brand French Pinot Noir (1.5 Liter) at $48.70 per case for a total of $352,198. Gaiek Dec. ¶ 9.

38. At least thirty other wholesale customers purchased $75,000 or more of Constellation wine labeled "French Pinot Noir" in 2008, for a total of over $2,250,000. Gaiek Dec. ¶ 10.

39. While Constellation believes that no person has any claim against it in any amount in this case, the amount in controversy necessarily alleged in the Complaint exceeds $75,000 as to one or more members of the putative class.

## VII. NOTICE OF PLAINTIFF AND STATE COURT

40. Contemporaneous with the filing of this Notice of Removal in the United State District Court for the Central District of California, Constellation is giving written notice of such filing to Plaintiff's Counsel of Record, Eric B. Kingsley of Kingsley & Kingsley, APC and Michael A. Caddell of Caddell & Chapman. Constellation is also filing a copy of this Notice of Removal with the Clerk of the Los Angeles Superior Court.

Dated: November 10, 2010

Respectfully Submitted,

NIXON PEABODY LLP

By: _____
Thaddeus J. Stauber, Esq.
Bruce E. Copeland, Esq.

Attorneys for Defendants
CONSTELLATION BRANDS, INC. and
CONSTELLATION WINES U.S., INC.

-8-

# EXHIBIT A



1  KINGSLEY & KINGSLEY, APC
   ERIC B. KINGSLEY, SBN-185123
2  eric@kingsleykingsley.com
   BRIAN LEVINE, SBN-251416
3  blevine@kingsleykingsley.com
   KELSEY PETERSON-MORE, SBN-260264
4  kelsey@kingsleykingsley.com
   16133 VENTURA BL., SUITE 1200
5  ENCINO, CA 91436
   (818) 990-8300, FAX (818) 990-2903
6
   CADDELL & CHAPMAN
7  MICHAEL A. CADDELL, SBN-249469
   mac@caddellchapman.com
8  CYNTHIA B. CHAPMAN, SBN-164471
   cbc@caddellchapman.com
9  CORY S. FEIN, SBN-250758
   csf@caddellchapman.com
10 1331 Lamar, Suite 1070
   Houston, TX 77010
11 713.751.0400; FAX 713.751.0906

12 Attorneys for Plaintiffs

13

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                       FOR THE COUNTY OF NAPA

16

17 MARK ZELLER, on behalf of        )  Case No.:   BC443338
   of himself and others similarly situated, )
18                                   )  CLASS ACTION COMPLAINT FOR:
              Plaintiff,             )
19                                   )  (1)  VIOLATION OF THE UNFAIR
       v.                            )       COMPETITION LAW (Business and
20                                   )       Professions Code §17200 et seq.)
   CONSTELLATION BRANDS,             )  (2)  VIOLATION OF THE FALSE
21 INC.;CONSTELLATION WINES U.S.,    )       ADVERTISING LAW (Business and
   INC.; SICA CAVES DU SIEUR         )       Professions Code §17500 et seq.)
22 D'ARQUES; AIMERY SIEUR            )  (3)  FRAUD
   D'ARQUES; VIGNERON DU SIEUR       )  (4)  FRAUDULENT CONCEALMENT AND
23 D'ARQUES; DOMAINE ET VIGNOBLE     )       NONDISCLOSURE
   DU SUD, formerly known as Société )  (5)  NEGLIGENT MISREPRESENTATION
24 Ducasse; and DOES 1 to 50 Inclusive, )  (6)  EXPRESS WARRANTY
                                     )  (7)  BREACH OF THE IMPLIED COVENANT
25 _____  )       OF GOOD FAITH AND FAIR DEALING
                                     )  (8)  MONEY HAD AND RECEIVED
26
27                                      JURY TRIAL DEMANDED

28   Plaintiff, Mark Zeller ("Plaintiff"), complaining of the above-named Defendants, alleges as

                                    1
                       CLASS ACTION COMPLAINT

1 | follows, which allegations are upon information and belief insofar as they pertain to the conduct of the

2 | Defendants:

3 | **I**

4 | **INTRODUCTION**

5 |     1.    This is a civil action brought under the Unfair Competition Law (Business and Professions

6 | Code section 17200 *et seq.*) and the False Advertising Law (Business and Professions Code section

7 | 17500 *et seq.*) to redress Defendants' unlawful, unfair, and fraudulent business acts and practices and

8 | deceptive advertising in the marketing and sale of its falsely labeled Pinot Noir to consumers. Millions

9 | of bottles of red wine labeled, marketed, distributed, and sold by Defendants as Pinot Noir, were, in fact,

10 | not Pinot Noir wine.

11 |     2.    Upon information and belief, Defendants labeled, marketed, and sold millions of bottles

12 | labeled as "Pinot Noir" under the label Woodbridge by Robert Mondavi, among many others. These

13 | bottles of wine, falsely labeled as premium Pinot Noir wine, were illegally cut with cheaper Syrah and

14 | Merlot grapes.

**II**

15 | **JURISDICTION AND VENUE**

16 |     3.    Each of the Defendants has headquarters in, or does substantial business in, the State of

17 | California.

18 |     4.    Each of the business acts and practices described herein was performed, in whole or in part,

19 | in the State of California.

20 |     5.    Venue as to each Defendant is proper in this judicial district, pursuant to <u>Code of Civil</u>

21 | <u>Procedure</u> §395.

22 |     6.    Defendants  CONSTELLATION BRANDS, INC.; CONSTELLATION WINES U.S..,

23 | INC.; SICA CAVES DU SIEUR D'ARQUES; AIMERY SIEUR D'ARQUES; VIGNERON DU SIEUR

24 | D'ARQUES; and DOMAINE ET VIGNOBLE DU SUD, formerly known as Société Ducasse, operate

25 | in California, conduct substantial business in California, and sell their fraudulently labeled Pinot Noir

26 | wines nationwide, including within the State of California and the County of Napa. The unlawful,

27 | unfair, and fraudulent business acts and practices and false advertising alleged herein have a direct

28 | effect on Plaintiff and those similarly situated within the United States, including the State of California

<center>2</center>

---

<center>CLASS ACTION COMPLAINT</center>

1  and Napa County.

2                        **III**

3                  **PARTIES**

4    A.   **Plaintiff**

5     7.   Plaintiff **MARK ZELLER** is a resident of California.

6     8.   Plaintiff **ZELLER** purchased wine manufactured and distributed by Defendants which was

7  labeled as Pinot Noir wine, including Woodbridge by Robert Mondavi, among other Constellation

8  labels.

9     9.   Defendants failed to provide Plaintiff and all others similarly situated with Pinot Noir wine

10  despite the fact that the wine was labeled, advertised and sold as Pinot Noir wine.  Instead, Defendants

11  illegally provided Plaintiff and others similarly situated with an inferior wine made from less expensive

12  merlot and syrah grapes.

13    B.   **Defendants**

14     10.   Defendant **CONSTELLATION BRANDS, INC.** ("Constellation Brands") is a Delaware

15  corporation operating in California.  As one if its three main business units, Constellation Brands

16  operates Constellation Wines U.S., Inc. Constellation Brands owns and operates multiple locations in

17  the State of California.  Its corporate address is 207 High Point Drive, Building 100, Victor, New York,

18  14564. Constellation Brands has marketed and sold bottles of falsely labeled bottles of wine to Plaintiff

19  and similarly situated persons throughout the State of California and nationwide.

20     11.   Defendant **CONSTELLATION WINES U.S., INC.** ("Constellation Wines") is a New

21  York corporation operating in California.  Constellation Wines owns and operates multiple locations

22  in the State of California, including offices in San Francisco and St. Helena, California.  Constellation

23  Wines' corporate address is 207 High Point Drive, Building 100, Canandaigua, New York, 14564.

24  Constellation Wines has marketed and sold bottles of falsely labeled bottles of wine to Plaintiff and

25  similarly situated persons throughout the State of California and nationwide.  Constellation Brands and

26  Constellation Wines are collectively referred to herein as "Constellation."

27     12.   Defendant **AIMERY SIEUR D'ARQUES** ("Aimery SD") is a French entity that sells

28

CLASS ACTION COMPLAINT

1  wine it obtains from its affiliated Sieur D'Arques companies. Defendant AIMERY sold the fake Pinot

2  Noir wine that Constellation in turn sold to domestic consumers. Aimery's principle place of business

3  is located at Avenue du Carcassonne BP 30, 11300 Limoux, France.

4      13.    Defendant **SICA CAVES DU SIEUR D'ARQUES** ("SICA Caves SD") is a French entity

5  that blended and bottled the wine that was used to make the fake Pinot Noir wine sold by Constellation.

6  SICA Caves SD's principle place of business is located at Avenue du Carcassonne BP 30, 11300

7  Limoux, France.

8      14.    Defendant **VIGNERON DU SIEUR D'ARQUES** ("Vigneron SD") is a French entity that

9  grew the grapes and produced the wine, or portions of it, that were used to make the fake Pinot Noir

10 wine sold by Defendants Constellation. Defendant's principle place of business is located at Avenue

11 du Carcassonne BP 30, 11300 Limoux, France. The three Sieur D'arques companies (Aimery SD,

12 SICA Caves SD, and Vigneron SD are collectively referred to herein as "SD".

13     15.    Defendant **DOMAINE ET VIGNOBLE DU SUD**, formerly known as Société Ducasse

14 ("Ducasse"), is a French entity that brokered the sale of grapes to Defendants Sieur D'Arques and/or

15 Constellation. Defendant's principle place of business is located at 23 Quai Bellevue 11000,

16 Carcassonne, France.

17     16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

18 Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore

19 sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and

20 believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally

21 responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court

22 to amend this Complaint to reflect the true names and capacities of the defendants designated

23 hereinafter as DOES when such identities become known.

24     17.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

25 all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

26 business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

27 attributable to the other Defendants.

28

<div align="center">4</div>

---

<div align="center">CLASS ACTION COMPLAINT</div>

IV

OVERVIEW OF APPLICABLE LAW

A.    The Unfair Competition Law

18.    The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by Business and Professions Code §17200 as including "any unlawful, unfair or fraudulent business act or practice . . ."

19.    As the California Supreme Court has noted, the UCL's "purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." (*Kasky v. Nike Inc.* (2002) 27 Cal.4th 939, 949.)  The UCL is broadly worded, leading the California Supreme Court to observe that the UCL "was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive." (*Barquis v. Merchants Collection Association* (1972) 7 Cal.3d 94, 112 [citations and internal quotation marks omitted].)  The UCL contains no express intent, knowledge, or negligence requirement, and therefore has been construed as "impos[ing] strict liability." (*Searle v. Wyndham International, Inc.* (2002) 102 Cal.App.4th 1327, 1333.)

20.    "Because Business and Professions Code §17200 is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.)

21.    The unlawful prong of §17200 proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632; see also *Podolsky v. First Healthcare Corp., supra*, 50 Cal.App.4th at p. 647 ["Virtually any state, federal or local law can serve as the predicate for an action under Business and Professions Code section 17200."]; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 ["The 'unlawful' practices prohibited by §17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."].)

22.    The *unfair* prong of §17200 "provides an independent basis for relief"; in other words, "[i]t is not necessary for a business practice to be 'unlawful' in order to be subject to an action under the

5

CLASS ACTION COMPLAINT

Exhibit A Page 13

1   unfair competition law." (*Smith v. State Farm Mutual Automobile Insurance Co.* (2001) 93 Cal.App.4th

2   700, 718.) "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . .'

3   [Citation.]" (*South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861,

4   887.)

5         23.     The courts of this State have adopted several tests for determining whether a business act

6   or practice is *unfair*:

7         24.     A business practice is unfair "when that practice 'offends an established public policy or

8   when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious.'" (*State*

9   *Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102 [quoting *People v.*

10   *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 530].)

11         25.     Another "test of whether a business practice is unfair involves an examination of [that

12   practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the

13   alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the

14   gravity of the harm to the alleged victim. . ." (*State Farm Fire & Casualty Co. v. Superior Court, supra,*

15   45 Cal.App.4th at pp. 1103-1104.)

16         26.     It also is an unfair business practice when the defendant's conduct "threatens an incipient

17   violation of [a law], or violates the policy or spirit of [a law] because its effects are comparable to or

18   the same as a violation of the law, or otherwise significantly threatens or harms competition."

19   (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187; see

20   also *Scripps Clinic v. Superior Court (Thompson)* (2003) 108 Cal.App.4th 917, 940.)

21         27.     More recently, one Court of Appeal has fashioned a test for determining whether a practice

22   is unfair based upon section 5 of the Federal Trade Commission Act (United States Code, title 15,

23   section 41 *et seq.*). Under this test, "[a]n act or practice is unfair if [1] the consumer injury is

24   substantial, [2] is not outweighed by any countervailing benefits to consumers or to competition, and

25   [3] is not an injury the consumers themselves could reasonably have avoided." (*Daugherty v. American*

26   *Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839 [bracketed numbers added].)

27         28.     The fraudulent prong of §17200 "affords protection against the probability or likelihood

28

1    as well as the actuality of deception or confusion." *(Payne v. United California Bank* (1972) 23

2    Cal.App.3d 850, 856.) "The test is whether the public is likely to be deceived." *(South Bay Chevrolet*

3    *v. General Motors Acceptance Corp., supra*, 72 Cal.App.4th at p. 888.)

4        **B.**    <u>The False Advertising Law</u>

5          29.    Business and Professions Code §17500, a provision of the False Advertising Law ("FAL"),

6    provides in relevant part that it is:  (a) "unlawful for any person, firm, corporation or association," (b)

7    "to make or disseminate or cause to be made or disseminated before the public in this state," (c) "in any

8    newspaper or other publication, or any advertising device, . . .or in any other manner or means," (d) "any

9    statement, concerning. . .[the performance of] services. . .which is untrue or misleading," (e) "which is

10   known, or which by the exercise of reasonable care should be known, to be untrue or misleading," and

11   (f) "with intent directly or indirectly to. . .perform services, professional or otherwise. . .or to induce the

12   public to enter into any obligation relating thereto. . ."

13         30.    The False Advertising Law applies broadly to commercial speech and includes within its

14   purview not merely advertisements specific to products or services being sold, but also to more general

15   statements intended to burnish a corporation's image in the eyes of the public. (See *Kasky v. Nike, Inc.*,

16   *supra*, 27 Cal.4th 939.)

17         31.    A statement is "untrue or misleading" for purposes of §17500 "if members of the public

18   are likely to be deceived." *(Chern v. Bank of America* (1976) 15 Cal.3d 866, 876.)

19         32.    While §17200 can be violated with no showing that the defendant acted intentionally,

20   knowingly, or negligently, §17500 requires proof that the statement was "known, or which by the

21   exercise of reasonable care should be known, to be untrue or misleading" (Business and Professions

22   Code §17500), which creates a negligence standard.  (See *Khan v. Medical Board* (1993) 12

23   Cal.App.4th 1834, 1846.)  Under this standard, a seller has "a duty of investigation," such that the

24   seller's "failure to verify and investigate breaches the duty of care when facts are present which would

25   put a reasonable person on notice of possible misrepresentations." *(People v. Superior Court (Forest*

26   *E. Olson, Inc.)* (1982) 137 Cal.App.3d 137, 139.)

27         33.    A violation of §17500 may be the subject of a civil action seeking an injunction and/or

28

<div align="center">7</div>

---

<div align="center">CLASS ACTION COMPLAINT</div>

<div align="right">Exhibit A Page 15</div>

1    restitution.  (Business and Professions Code §§17535 and 17536.)

2                                                     V

3                                    **FACTUAL BACKGROUND**

4          34.   Constellation's portfolio of wine labels includes many popular U.S. wine brands, including:

5    Woodbridge by Robert Mondavi, Clos du Bois, Black Box, Robert Mondavi Private Selection,

6    Ravenswood, Blackstone, Toasted Head, Franciscan Estate, Mount Veeder Winery, Robert Mondavi

7    Winery, Simi, Estancia, Ravenswood, Hogue and Rex Goliath.

8          35.   Plaintiff has purchased numerous bottles of Pinot Noir sold under several of

9    Constellation's labels, including Woodbridge by Robert Mondavi.

10         36.   Constellation's wine, labeled as "Pinot Noir," was illegally cut with cheaper Merlot and

11   Syrah grapes such that it could not properly be called Pinot Noir under domestic and foreign wine

12   labeling laws.

13         37.   A court in Carcassonne, France convicted twelve wine traders and wine makers in the

14   Languedoc-Roussillon region of France (including Claude Courset of the Ducasse wine trading

15   company and SD) of selling Constellation the fake Pinot Noir wine.  The French court found the

16   scheme, which lasted from January 2006 to March 2008, to be organized, structured, and to have

17   involved every level in the supply chain.

18         38.   Constellation knew that the wine it was selling as Pinot Noir did not have the content of

19   Pinot Noir listed on its labels, nor the content of Pinot Noir required to label a wine as Pinot Noir.

20         39.   Constellation is one of the largest and most sophisticated wine manufacturers and sellers

21   in the world and its wine experts can easily examine the wine and discern from its characteristics the

22   difference between wine made from Pinot Noir and wine made from inferior, less expensive grapes.

23         40.   As one of the largest and most sophisticated purchasers of wine, Constellation certainly

24   knew that the volume of wine being sold by Defendants Sieur d'Arques and Ducasse as Pinot Noir wine

25   grown in the Languedoc-Roussillon region exceeded the Languedoc-Roussillon region's production of

26   Pinot Noir.

27         41.   Plaintiff purchased Defendants' wine labeled as Pinot Noir believing that the bottles

28

                                                     8

                                    _____
                                    **CLASS ACTION COMPLAINT**

1    actually contained Pinot Noir wine as defined by foreign and domestic regulations.

2        42.    Plaintiff paid a premium for the wine based on the belief that it was made from more

3    expensive Pinot Noir grapes, and not cheaper Syrah and Merlot grapes. Had Plaintiff known the wine

4    was made from a less expensive grape, he would not have purchased it.

5        43.    Defendants made uniform material affirmative misrepresentations and uniformly concealed

6    material information in the marketing, advertising, and sale of the wine labeled as Pinot Noir.

7        44.    Defendants represented and warranted to Plaintiff and all Class members that its wine

8    labeled as "Pinot Noir" was made entirely, or almost entirely, from Pinot Noir grapes, as is required by

9    federal regulations, which require wine labeled as "Pinot Noir" to be comprised of at least 85% wine

10   from Pinot Noir grapes.

11       45.    Wine sold in the United States must have labeling pre-approved by the U.S. Treasury

12   Department's Alcohol and Tobacco Tax and Trade Bureau (the "TTB"). The TTB has strict rules

13   regarding the varietal designation on a wine label. When the name of a single grape variety is used as

14   the type designation on a wine label (as in the case of Pinot Noir), at least 75% of the wine must be

15   derived from grapes of that variety. 27 C.F.R. §4.23(b)

16       46.    This regulation applies to any entity engaged in business as a producer, rectifier, blender,

17   importer, or wholesaler, directly or indirectly or through an affiliate, who sell or ship or deliver for sale

18   or shipment, or otherwise introduce in interstate or foreign commerce, or receive therein, or remove

19   from customs custody, any wine in containers. Id. § 4.30(a).

20       47.    Accordingly, Defendants violated this regulation by selling wine labeled as Pinot Noir that

21   contained less than 75% wine made from Pinot Noir grapes.

22       48.    Defendants unfairly profited by selling the mislabeled wine as Pinot Noir, which permitted

23   Defendants to charge and obtain a higher price for the wine than if Defendants had properly and

24   accurately labeled the wine as plain red table wine composed primarily of cheaper Merlot and Syrah

25   grapes.

26   \\\

27   \\\

28

CLASS ACTION COMPLAINT

VI

CLASS ACTION ALLEGATIONS

49.     Plaintiff is seeking to represent a class of similarly situated persons defined as follows:

> All residents of the United States who purchased one or
> more bottles of 2005, 2006, 2007, or 2008 Constellation
> Brand wine labeled as "Pinot Noir" ("Proposed Class").

50.     This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Code of Civil Procedure §382. Plaintiff reserves the right to modify the class definition and the class period based on the results of discovery pursuant to Rule 3.765 of the California Rules of Court.

A.      **Numerosity**

51.     The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable.  While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that at least hundreds of thousands of bottles of Constellation Brand wine labeled as "Pinot Noir" were sold nationwide to at least tens of thousands of class members..

52.     Plaintiff alleges Defendants' records would provide information as to the total number of bottles of falsely labeled wine sold.  Joinder of all members of the proposed class is not practicable.

B.      **Commonality**

53.     There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

        a.       Whether Defendants sold wine labeled as "Pinot Noir," which was not Pinot Noir wine;

        b.       Whether Defendants made uniform material affirmative misrepresentations in its marketing, advertising and sale of the wine labeled as Pinot Noir;

        c.       Whether Defendants uniformly concealed material information in its marketing, advertising and sale of wine labeled as Pinot Noir;

10

CLASS ACTION COMPLAINT

1            d.        Whether Plaintiff and the Class members were damaged as a result of purchasing

2  the mislabeled wine; and

3            e.        Whether Defendants improperly profited as a result of mislabeling the wine.

4            f.        Whether the Pinot Noir content was a material fact reasonable purchasers would

5  have considered in deciding whether to purchase wine labeled as Pinot Noir;

6            g.        Whether Defendants knew and/or were reckless in not knowing of the true content

7  of the wine;

8            h.        Whether Defendants fraudulently concealed from and/or failed to disclose to

9  Plaintiff and the Class members the true content of the wine;

10           i.        Whether Defendants had a duty to Plaintiff and the Class members not to

11  misrepresent the content of the wine on the label;

12           j.        Whether Defendants represented that the wine labeled as Pinot Noir had

13  characteristics it did not actually have, in violation of the Consumer Legal Remedies Act;

14           k.        Whether Defendants represented that the wine labeled as Pinot Noir was of a

15  particular standard, quality or grade when it was of another, in violation of the Consumer Legal

16  Remedies Act;

17           l.        Whether Defendants advertised wine labeled as Pinot Noir wine with the intent

18  not to sell it as advertised, in violation of the Consumer Legal Remedies Act;

19           m.      Whether Defendants' active concealment of and/or failure to disclose the true

20  nature of wine labeled as Pinot Noir wine was likely to mislead or deceive, and therefore fraudulent,

21  within the meaning of Bus. & Prof. Code § 17200, et seq.;

22           n.        Whether Defendants' active concealment of and/or failure to disclose the true

23  nature of the wine labeled as Pinot Noir is unfair within the meaning of Bus. & Prof. Code § 17200, et

24  seq.;

25           o.        Whether Defendants' warranties, marketing, advertisements and other express

26  representations that wine labeled as Pinot Noir had certain characteristics and/or was of a certain quality

27  or standard violated Bus. & Prof. Code § 17500, et seq.;

28

<div align="center">11</div>

<div align="center">CLASS ACTION COMPLAINT</div>

1      p.      Whether Defendants breached their express warranty that its wine labeled as Pinot

2  Noir contained a certain percentage of Pinot Noir;

3      q.      Whether Plaintiff and the Class members are entitled to compensatory damages,

4  and the amount of such damages;

5      r.      Whether, as a result of Defendants' fraud, Plaintiff and the Class members are

6  entitled to civil penalties and/or punitive damages, and the amount of such damages;

7      s.      Whether Defendants should be enjoined from engaging in the methods, acts, or

8  practices alleged herein and should be ordered to prevent future sales of mislabeled Pinot Noir;

9      t.      Whether Defendants should be ordered to disgorge, for the benefit of the Class

10  members, all or part of their ill-gotten profits received from the sale of the wine labeled as Pinot Noir,

11  and/or make restitution to Plaintiff and the Class members.

12  **C.    Typicality**

13      54.    The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff

14  and all members of the proposed class sustained injuries and damages arising out of and caused by

15  Defendants' unlawful, unfair, and fraudulent business acts and practices and deceptive advertising in the

16  marketing and sale of its Pinot Noir to consumers as alleged herein.

17  **D.    Adequacy of Representation**

18      55.    Plaintiff will fairly and adequately represent and protect the interests of the members of the

19  proposed class. Counsel who represents Plaintiff are competent and experienced in litigating large class

20  actions.

21  **E.    Superiority of Class Action**

22      56.    A class action is superior to other available means for the fair and efficient adjudication of

23  this controversy. Individual joinder of all proposed class members is not practicable, and questions of

24  law and fact common to the proposed class predominate over any questions affecting only individual

25  members of the proposed class. Each member of the proposed class has been damaged and is entitled

26  to recovery by reason of Defendants' unlawful, unfair, and fraudulent business acts and practices and

27  deceptive advertising in the marketing and sale of its Pinot Noir.

28

<center>12</center>

---

<center>CLASS ACTION COMPLAINT</center>

57.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VII

### FIRST CAUSE OF ACTION

### UNFAIR, MISLEADING AND DECEPTIVE BUSINESS PRACTICES

### PURSUANT TO BUSINESS & PROFESSIONS CODE §17200

58.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59.    This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff on behalf of himself, the general public, and others similarly situated, brings this claim pursuant to Business and Professions Code §17200 *et seq*.  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

60.    Plaintiff is a "person" within the meaning of Business and Professions Code §17204, and therefore has standing to bring this cause of action for restitution and other appropriate equitable relief.

61.    Defendants, by labeling, marketing, promoting, distributing, and selling the falsely labeled Pinot Noir wine, either knew or in the exercise of reasonable care, should have known that their conduct was misleading and deceptive and therefore in violation of §17200 *et seq*. of the Business and Professions Code.

62.    As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated reasonably relied on the Defendants' representations that the wine it sold was Pinot Noir and purchased the wine at a value greater than it would have sold for if properly labeled.  Plaintiff and Class Members have been damaged and are entitled to restitution in a sum as may be proven.

63.    Pursuant to the Business and Professions Code, this Court should make such orders or

13

CLASS ACTION COMPLAINT

1   judgments, including the appointment of a receiver, as may be necessary to disgorge Defendants of

2   ill-gotten profits which may be necessary to restore to Plaintiff and the Proposed Class  the money

3   Defendants have unlawfully received.

<div align="center">

**VIII**

**SECOND CAUSE OF ACTION**

**UNTRUE OR MISLEADING ADVERTISING**

**PURSUANT TO BUSINESS & PROFESSIONS CODE §17500**

</div>

8       64.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

9   as if fully set forth herein.

10      65.   At all times herein mentioned, Defendants labeled, marketed, promoted, distributed, and

11   sold falsely labeled Pinot Noir wine to customers nationwide.

12      66.   Since at least four years prior to the filing of the Complaint and continuing to the present,

13   Defendants have engaged in advertising campaigns to sell the falsely labeled Pinot Noir wine to the

14   public, including Plaintiff and others.

15      67.   Via its website, its labels and any and all references to bottles of Pinot Noir sold by it,

16   Defendants represent that its Pinot Noir wine is actually composed primarily of Pinot Noir grapes. Such

17   advertisements are and were disseminated to and received by the public.

18      68.   Defendants' advertising was untrue or misleading and likely to deceive the public in that

19   Defendants represented to Plaintiff and the Proposed Class that the wine they sold was of a superior

20   quality than was actually the case.  Defendants represented that they were selling premium Pinot Noir

21   wine, when in fact they were selling inexpensive red table wine composed primarily of cheaper Merlot

22   and Syrah grapes.

23      69.   In making and disseminating the statements herein alleged, Defendants knew, or by the

24   exercise of reasonable care should have known, that the statements were untrue or misleading and so

25   acted in violation of §17500 of the Business and Professions Code.

26      70.   Pursuant to Business and Professions Code §17535, this Court should make such orders or

27   judgments, including the appointment of a receiver, as may be necessary to restore Plaintiff and members

28

<div align="center">

14

**CLASS ACTION COMPLAINT**

</div>

1    of the Proposed Class, money paid to or acquired by Defendants in connection with the sales of the

2    falsely labeled Pinot Noir.

3                                   IX

4                    THIRD CAUSE OF ACTION

5               FRAUD AND INTENTIONAL DECEIT

6          PURSUANT TO CIVIL CODE §1709

7        71.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

8    as if fully set forth herein.

9        72.   Civil Code §1709 provides in relevant part: tortious fraud or deceit occurs when a party

10    "willfully deceives another with the intent to induce him to alter his position to his injury or risk.

11        73.     The unlawful, unfair, and fraudulent business acts and practices of Defendants constitute

12    fraud under Civil Code §1709 in that Defendants materially misrepresented the falsely labeled wine as

13    Pinot Noir when they knew that the wine they labeled, marketed, promoted, distributed, and sold was

14    not actually Pinot Noir wine. This substantially increased their profits.

15        74.     Defendants knowingly concealed and failed to disclose material facts with the intent to

16    induce reliance upon this material misrepresentation. Specifically, Defendants misrepresented to

17    Plaintiff and the Proposed Class that the wine they sold was of a higher quality than was actually the case

18    in an effort to induce Plaintiff, and all others similarly situated, to buy the cheaper, falsely labeled wine.

19        75.     Plaintiff and similarly situated class members justifiably relied upon this material

20    misrepresentation that the wine labeled, marketed, promoted, distributed, and sold by Defendants was

21    Pinot Noir wine when, in fact, it was not. This fraud was only revealed by happenstance and the hard

22    work of the French authorities.

23        76.     As a result of Defendants' fraudulent acts, Plaintiff, and all others similarly situated, were

24    harmed. Defendants caused damage to Plaintiff and the proposed Class as they were induced to buy a

25    falsely labeled wine from Defendants when the actual wine purchased was of inferior quality. Because

26    of Defendants' fraudulent conduct, Plaintiff seeks punitive damages in an amount as may be proven.

27    \\\

28

CLASS ACTION COMPLAINT

<div align="center">

**X**

**FOURTH CAUSE OF ACTION**

**FRAUDULENT CONCEALMENT AND NON-DISCLOSURE**

</div>

77.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

78.   Defendants knew (or should have known) that the wine mislabeled as Pinot Noir was mislabeled.

79.   Defendants fraudulently concealed from and/or intentionally failed to disclose to Plaintiff, the Class members, and all others in the chain of distribution (e.g., concealments and omissions in Defendants' communications with wholesalers, retailers, and others in the chain of distribution that were ultimately passed on to Plaintiff and the Class members) the true nature of the wine mislabeled as Pinot Noir.

80.   Defendants were and are under a duty to Plaintiff and the Class members to disclose these facts because:

    a.   Defendants are in a superior position to know the facts about the content of the wine mislabeled as Pinot Noir wine, which is not apparent to a consumer;

    b.   Defendants made disclosures about the content and nature of the wine mislabeled as Pinot Noir while not revealing its true content and nature; and

    c.   Defendants fraudulently and actively concealed the true nature of the wine mislabeled as Pinot Noir from Plaintiff and the Class members.

81.   The facts concealed and/or not disclosed by Defendants to Plaintiff and the Class members are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a bottle of wine mislabeled as Pinot Noir.

82.   Defendants intentionally concealed and/or failed to disclose the true content of the wine mislabeled as Pinot Noir for the purpose of inducing Plaintiff and the Class members to act thereon.

83.   Plaintiff and the Class members justifiably acted or relied upon the concealed and/or non-disclosed facts as evidenced by their purchase of the wine mislabeled as Pinot Noir to their

<div align="center">

16

_____

CLASS ACTION COMPLAINT

</div>

1    detriment.

2          84.    Had Plaintiff and the Class members known of the Defects they would not have purchased

3    (or would have paid less for) the wine mislabeled as Pinot Noir.

4          85.    As a direct and proximate cause of Defendants' misconduct, Plaintiff and Class members

5    have suffered actual damages in that they bought wine mislabeled as Pinot Noir that was not what it

6    purported to be.

7          86.    Defendants' conduct has been and is wanton and/or reckless and/or shows a reckless

8    indifference to the interests of others.

9          87.    Defendants acted with "malice" as that term is defined in Civ. Code § 3294(c)(1) by

10   engaging in conduct that was and is intended by Defendants to cause damage to the Plaintiff and the

11   Class members.

12         88.    Defendants committed "fraud" as that term is defined in Civ. Code § 3294(c)(3) through

13   its concealment of material facts known to Defendants with the intent to cause injury to the Plaintiff and

14   the Class members.

15         89.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment against

16   Defendants for actual and punitive damages in accordance with Civ. Code § 3294(a) for himself and

17   each Class member, plus attorneys' fees for the establishment of a common fund, interest, and costs.

18                                              XI

19                              FIFTH CAUSE OF ACTION

20                            NEGLIGENT MISREPRESENTATION

21                   PURSUANT TO CIVIL CODE §§1572(2), 1709, 1710

22         90.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

23   as if fully set forth herein.

24         91.    Negligent misrepresentation occurs if a party to the contract makes a positive assertion, in

25   a manner not warranted by the information of the person making it, of that which is not true, though he

26   believes it to be true, with an intent to deceive another party thereto, or to induce him to enter into the

27   contract. Civ. Code §1572. Negligent misrepresentation may also occur if a person willfully deceives

28

                                              17

                                    _____
                                    CLASS ACTION COMPLAINT

1    another person with intent to induce him to alter his position to his injury or risk, is liable for any

2    damage which he thereby suffers.  Civ. Code §§1709, 1710.

3         92.    Defendants negligently misrepresented and concealed from Plaintiff, and all others similarly

4    situated, the true nature of their falsely labeled Pinot Noir wine.

5         93.    These material misrepresentations were negligently made to Plaintiff, and all others

6    similarly situated, through uniform mislabeling, non-disclosure, concealment, and through mass media,

7    point-of-sale advertising, and other information disseminated by Defendants.

8         94.    Defendants knew at all times that Plaintiff and the proposed Class relied upon its labeling.

9    Defendants materially misrepresented the falsely labeled wine as Pinot Noir when they knew, or by the

10   exercise of reasonable care should have known, that the wine they labeled, marketed, promoted,

11   distributed, and sold was not actually Pinot Noir wine.

12        95.    Defendants materially misrepresented the falsely labeled wine as Pinot Noir without any

13   reasonable ground for believing that the wine was actually Pinot Noir.

14        96.    Defendants intended to induce reliance upon this material misrepresentation to influence

15   the purchasing decisions of Plaintiff, and all others similarly situated.  Defendants misrepresented to

16   Plaintiff and the Proposed Class that the wine it sold was of a higher quality than was actually the case

17   in an effort to induce Plaintiff, and all others similarly situated, to buy the cheaper, falsely labeled wine.

18        97.    Plaintiffs justifiably relied upon Defendants' labeling believing that they were purchasing

19   Pinot Noir wine as labeled.

20        98.    As a result of Defendants' negligent misrepresentations, Plaintiff, and all others similarly

21   situated, were harmed.  Defendants caused damage to Plaintiff and the proposed Class as they were

22   induced to buy a falsely labeled wine from Defendants when the actual wine purchased was of inferior

23   quality.

24        99.    Defendant's conduct as described above and the policy were done with a conscious

25   disregard of the rights of plaintiff and others similarly situated in clear violation of California Law and

26   resulted in oppression, and/or malice constituting despicable conduct under California Civil Code §3294

27   entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of

28

CLASS ACTION COMPLAINT

1  defendants.

2                                      **XII**

3                         **SIXTH CAUSE OF ACTION**

4                      **BREACH OF EXPRESS WARRANTY**

5          100.  Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

6  as if fully set forth herein.

7          101.  As set forth above, each bottle of wine mislabeled as Pinot Noir came with an express

8  warranty that listed its ingredients, including the percentage of Pinot Noir in each bottle.

9          102.  Defendants breached their express warranties as set forth above, by supplying the wine

10  mislabeled as Pinot Noir to its customers in a condition such that the wine did not have the Pinot Noir

11  content that it purported to have.

12         103.  Defendants received timely notice of the breach of warranty alleged herein pursuant to

13  Comm. Code § 2607(3)(A).  Plaintiff, by and through Class Counsel, provided Defendants with notice

14  of the defects inherent in the wine mislabeled as Pinot Noir on July 21, 2010.

15         104.  The wine mislabeled as Pinot Noir contains common hidden defects that were present at

16  the time of purchase, which could not be discovered by Plaintiff and the Class members.

17         105.  Had Plaintiff and the Class members known that the wine mislabeled as Pinot Noir failed

18  to conform to the characteristics and qualities that Defendants expressly warranted, they would not have

19  purchased the wine mislabeled as Pinot Noir or would have paid less.

20         106.  As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and

21  the Class members have sustained damages in an amount to be determined according to proof at trial.

22         107.  Plaintiff, on behalf of himself and all Class members, demands injunctive relief in the form

23  of a Court order mandating that Defendants take steps to stop the sale of all wine mislabeled as Pinot

24  Noir wine or, alternatively, replace the label on all bottles of wine mislabeled as Pinot Noir wine with

25  a label that accurately describes the wine inside the bottle and/or damages in an amount to be proven at

26  trial, plus attorneys' fees, costs, and interest pursuant to California Commercial Code Sections 2714 and

27  2715.

28

                                         19

                          _____
                              **CLASS ACTION COMPLAINT**

# XIV

## SEVENTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT

## OF GOOD FAITH AND FAIR DEALING

108.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

109.   In every contract or agreement there is an implied promise of good faith and fair dealing meaning that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

110.   Defendants unfairly interfered with Plaintiff's right, and the rights of all others similarly situated, to receive the benefits of the contract in that it knew Plaintiff and the proposed Class relied upon its labeling, yet it unfairly, unlawfully, and fraudulently mislabeled its wine to influence the purchasing decisions of Plaintiff and the proposed Class.

111.   As a result of Defendants' unfair, unlawful, and fraudulent acts, Plaintiff, and all others similarly situated, were harmed.  Defendants caused damage to Plaintiffs as they were induced to buy a falsely labeled wine from Defendants when the actual wine purchased was of inferior quality.

# XV

## EIGHTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED

112.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

113.   As a result of the conduct described above, Defendants have been and may continue to be unjustly enriched at the expense of the Plaintiff and the proposed Class.  Specifically, Defendants' unlawful, unfair, and fraudulent conduct have enabled Defendants to label, market, promote, distribute, and sell a less expensive and falsely labeled Pinot Noir wine to Plaintiff and the proposed Class unjustly enriching Defendants.

114.   Defendant received the money of Plaintiff and the proposed for its falsely labeled Pinot Noir

20

---

**CLASS ACTION COMPLAINT**

1   wine.  The money was intended for the purchase of Pinot Noir wine.  Because the wine was not Pinot

2   Noir wine, but instead a less expensive vintage, Plaintiff and the proposed Class, did not the receive the

3   benefit of the purchase money.  Defendants have not returned the money to Plaintiff and the proposed

4   Class.

5       115.   It would be unjust and inequitable to allow Defendants to retain their ill gotten profits and

6   therefore should be required to disgorge profits unlawfully obtained.

7                               **RELIEF REQUESTED**

8       WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment

9   as follows:

10      1.     An order certifying the proposed Class and any appropriate subclasses and designating

11  Plaintiff as Class Representative and his counsel as Class Counsel;

12      2.     Monetary damages, including but not limited to any compensatory, incidental or

13  consequential damages commensurate with proof at trial for the acts complained of herein;

14      3.     Punitive damages and civil penalties in accordance with proof and in an amount consistent

15  with applicable precedent;

16      4.     A declaration that Defendants are financially responsible for notifying all Class members

17  of the misrepresentation;

18      5.     An order requiring Defendants to immediately cease its wrongful conduct as set forth above;

19      6.     A permanent injunction mandating that Defendants act to stop the sale of the mislabeled

20  Pinot Noir;

21      7.     A declaration that Defendants must disgorge, for the benefit of the Class, all or part of its

22  ill-gotten profits received from the sale of the wine mislabeled as Pinot Noir, and/or to make restitution

23  to Plaintiff and the Class members;

24      8.     For attorneys' fees pursuant to California <u>Code of Civil Procedure</u> §1021.5 or other legal

25  basis as may be proven;

26      9.     For costs of suit;

27      10.    Statutory pre-judgment interest; and

28

**CLASS ACTION COMPLAINT**

1      11.    For such other relief as the court may deem appropriate.

2                     **DEMAND FOR JURY TRIAL**

3      Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

4

5    DATED: August ___, 2010          KINGSLEY & KINGSLEY, APC

6

7                        By: _____

                           ERIC B. KINGSLEY

8                         BRIAN LEVINE

                         KELSEY PETERSON-MORE

9                         16133 VENTURA BL., SUITE 1200

                         ENCINO, CA 91436

10                       (818) 990-8300, FAX (818) 990-2903

11                       CADDELL & CHAPMAN

                         MICHAEL A. CADDELL, SBN-249469

12                       mac@caddellchapman.com

                         CYNTHIA B. CHAPMAN, SBN-164471

13                       cbc@caddellchapman.com

                         CORY S. FEIN, SBN-250758

14                       csf@caddellchapman.com

                         1331 Lamar, Suite 1070

15                       Houston, TX 77010

                         713.751.0400; FAX 713.751.0906

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



# EXHIBIT B

( ORIGINAL )

1  **KINGSLEY & KINGSLEY, APC**
   **ERIC B. KINGSLEY, ESQ. SBN-185123**
2  eric@kingsleykingsley.com
   **BRIAN LEVINE, ESQ. SBN-251416**
3  blevine@kingsleykingsley.com
   **KELSEY PETERSON-MORE, ESQ. SBN-260264**
4  kelsey@kingsleykingsley.com
   **16133 VENTURA BOULEVARD, SUITE 1200**
5  **ENCINO, CA 91436**
   **(818) 990-8300, FAX (818) 990-2903**
6
   **CADDELL & CHAPMAN**
7  **MICHAEL A. CADDELL, SBN-249469**
   mac@caddellchapman.com
8  **CYNTHIA B. CHAPMAN, SBN-164471**
   cbc@caddellchapman.com
9  **CORY S. FEIN, SBN-250758**
   csf@caddellchapman.com
10 **1331 Lamar, Suite 1070**
   **Houston, TX 77010**
11 **713.751-0400; FAX 713.751-0906**

12 **Attorneys for Plaintiffs**

13

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 17 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Raul Sanchez

14                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                 **FOR THE COUNTY OF LOS ANGELES - CENTRAL**

16

17 MARK ZELLER, on behalf of himself          )  **CASE NO.: BC443338**
    and others similarly situated,             )
18                                              )  **NOTICE OF NON-COMPLEX**
                          Plaintiffs,           )  **DESIGNATION AND REASSIGNMENT**
19         v.                                   )
                                                )  **JUDGE:**      SOUSSAN G. BRUGUERA
20 CONSTELLATION BRANDS, INC.;                 )  **DEPT.:**       71
    CONSTELLATION WINES U.S., INC.;            )
21 SICA CAVES DU SIEUR D'ARQUES;              )
    AIMERY SIEUR D'ARQUES;                      )
22 VIGNERON DU SIEUR D'ARQUES;                )
    DOMAINE ET VIGNOBLE DU SUD;                )
23 formerly known as Société Ducasse; and      )
    DOES 1 to 50 Inclusive,                     )
24                                              )
                          Defendants.           )
25 _____)

26

27      **PLEASE TAKE NOTICE,** that this case is designated non-complex and is reassigned to Judge

   Soussan G. Bruguera in Department 71 at Stanley Mosk Courthouse for all further proceedings.

28

                                              1

                NOTICE OF NON-COMPLEX DESIGNATION AND REASSIGNMENT

1    Plaintiff was ordered to give notice.  Attached as Exhibit 1 is a copy of the court's notice.

2

3    DATED: September 17, 2010                    KINGSLEY & KINGSLEY, APC

4

5                                                 By: _____
                                                  KELSEY PETERSON-MORE
6                                                 Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        1

                    NOTICE OF NON-COMPLEX DESIGNATION AND REASSIGNMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/03/10 | | **DEPT.** 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC443338 | | |
|---|---|---|---|
| | | Plaintiff Counsel | NO APPEARANCES |
| | MARK ZELLER VS CONSTELLATION BRANDS INC ET AL | Defendant Counsel | |
| | NON-COMPLEX (09-03-10) | | |

**NATURE OF PROCEEDINGS:**


COURT ORDER


This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Soussan G. Bruguera in Department 71 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 71 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.


                    CLERK'S CERTIFICATE OF MAILING/
                      NOTICE OF ENTRY OF ORDER


                    Page    1 of   2   DEPT. 324

MINUTES ENTERED
09/03/10
COUNTY CLERK

EXHIBIT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/03/10 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC443338 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MARK ZELLER VS CONSTELLATION BRANDS INC ET AL | Defendant Counsel | |
| | NON-COMPLEX (09-03-10) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 09-03-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 09-03-10

John A. Clarke, Executive Officer/Clerk

By: _____
**KIN HILAIRE**
K. HILAIRE

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley, Esq.
16133 Ventura Boulevard, Suite 1200
Encino, California 91436

Page 2 of 2 DEPT. 324

MINUTES ENTERED
09/03/10
COUNTY CLERK

Exhibit B Page 34

**PROOF OF SERVICE**
[CCP 1013(a)(3)]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On September 17, 2010, I served all interested parties in this action the following documents described as **NOTICE OF NON-COMPLEX DESIGNATION AND REASSIGNMENT** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Peter M. Brody
on behalf of SDA Entities
ROPES & GRAY LLP
One Metro Center 700 12th Street
NW, Suite 900
Washington, DC 20005-3948


Rocky C. Tsai
Thad A. Davis
on behalf of SDA Entities
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111- 4006

[XX]   (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to Attorney Related Services, our process server who will cause it to be delivered by personal service to the offices of the addressee.

[XX]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 17, 2010, at Encino, California.

Michelle A. Tanzer

Exhibit B Page 35

COPY

ORIGINAL FILED
OCT 22 2010
LOS ANGELES
SUPERIOR COURT

1   Sarah E. André (State Bar No. 236145)
       sandre@nixonpeabody.com
2   NIXON PEABODY LLP
    Gas Company Tower
3   555 West Fifth Street, 46th Floor
    Los Angeles, California 90013
4   Phone: (213) 629-6000
    Facsimile: (213) 629-6001
5
6   Bruce E. Copeland (State Bar No. 124888)
       bcopeland@nixonpeabody.com
7   NIXON PEABODY LLP
    One Embarcadero Center
8   San Francisco, California 94111
    Phone: (415) 984-8200
9   Facsimile: (213) 983-8300
10
11
    Attorneys for Defendants
12  CONSTELLATION BRANDS, INC. and
    CONSTELLATION WINES U.S., INC.
13
14              SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                        COUNTY OF LOS ANGELES
16
                                              ⟨FAXED
17  MARK ZELLER, on behalf of himself and others   Case No. BC443338
    similarly situated,
18                                            **DECLARATION OF SARAH E. ANDRÉ IN**
19              Plaintiff,                     **SUPPORT OF OBJECTION OF**
                                              **CONSTELLATION BRANDS, INC. AND**
20         v.                                 **CONSTELLATION WINES U.S., INC. TO**
                                              **COURT'S DESIGNATION OF CASE AS**
21  CONSTELLATION BRANDS, INC.;               **NON-COMPLEX**
    CONSTELLATION WINES U.S., INC.; SICA
22  CAVES DU SIEUR D'ARQUES; AIMERY
    SIEUR D'ARQUES; VIGNERON DU SIEUR         Dept. 324
23  D'ARQUES; DOMAINE ET VIGNOBLE DU
    SUD, formerly known as Sociéré Ducasse; and   Hon.  Emilie H. Elias
24  DOES 1 to 50 Inclusive,
25                                            Complaint Filed: August 10, 2010
              Defendants.
26                                            Trial Date: None Set
27
28  DECLARATION OF SARAH E. ANDRÉ IN SUPPORT OF                              13202520.1
    OBJECTION OF CONSTELLATION BRANDS, INC. AND
    CONSTELLATION WINES U.S., INC. TO COURT'S
    DESIGNATION OF CASE AS NON-COMPLEX; CASE NO.
    BC443338

1

## DECLARATION OF SARAH E. ANDRÉ

2      I, Sarah E. André, declare as follows:

3      1.      I am an attorney-at-law, duly licensed to practice in the state of California, and an

4 associate of the firm of Nixon Peabody LLP, counsel for Defendants Constellation Brands, Inc., and

5 Constellation Wines U.S., Inc. (the "Constellation Defendants"). As such, I am personally familiar

6 with this action and have personal knowledge of the facts set forth herein and could competently

7 testify thereto.

8      2.      Attached as Exhibit A is a copy of the Complaint filed April 13, 2010, in the case

9 *Zeller v. E.&J. Gallo Winery*, Case No. BC 432711.

10      3.      Attached as Exhibit B is a copy of the Docket for *Zeller v. E.&J. Gallo Winery*, Case

11 No. BC 432711, referencing the action as complex.

12

13      These documents were obtained from the Los Angeles Superior Court's website. To the best

14 of my knowledge, the attached documents are true and accurate copies.

15

16      I declare under penalty of perjury under the laws of California that the foregoing is true and

17 correct.

18      Executed on October 22, 2010 at Los Angeles, California.

19

20                                                    SARAH E. ANDRÉ

21

22

23

24

25

26

27

28

-2-

DECLARATION OF SARAH E. ANDRÉ IN SUPPORT OF
OBJECTION OF CONSTELLATION BRANDS, INC. AND
CONSTELLATION WINES U.S., INC. TO COURT'S
DESIGNATION OF CASE AS NON-COMPLEX; CASE NO.
BC443338

# EXHIBIT A

( ORIGINAL )

FILED
Los Angeles Superior Court

FEB 25 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNA WESLEY

1  **KINGSLEY & KINGSLEY, APC**
   **ERIC B. KINGSLEY, ESQ., SBN-185123**
2  **BRIAN LEVINE, ESQ., SBN-251416**
   **KELSEY PETERSON-MORE, ESQ., SBN-260264**
3  **16133 VENTURA BL., SUITE 1200**
   **ENCINO, CA 91436**
4  **(818) 990-8300, FAX (818) 990-2903**

5  Attorneys for Plaintiff

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

11  MARK ZELLER, on behalf of              )  Case No.:    **BC 4 3 8 7 1 1**
    of himself and others similarly situated,  )
12                                          )  CLASS ACTION COMPLAINT FOR:
                    Plaintiffs,             )
13                                          )  (1)  VIOLATION OF THE UNFAIR
                                            )       COMPETITION LAW (Business and
14          v.                              )       Professions Code §17200 *et seq.*)
                                            )  (2)  VIOLATION OF THE FALSE
15                                          )       ADVERTISING LAW (Business and
    E & J GALLO WINERY, INC.;               )       Professions Code §17500 *et seq.)*
16  AIMERY SIEUR D'ARQUES;                  )  (3)  FRAUD
    DUCASSE COMPANY; and                    )  (4)  NEGLIGENT MISREPRESENTATION
17  DOES 1 to 50 Inclusive,                 )  (5)  BREACH OF THE IMPLIED COVENANT
                                            )       OF GOOD FAITH AND FAIR DEALING
18                  Defendants.             )  (6)  MONEY HAD AND RECEIVED
                                            )
19  _____         )  **JURY TRIAL DEMANDED**

20

21          Plaintiff, Mark Zeller ("Plaintiff"), complaining of the above-named Defendants, alleges as

22  follows, which allegations are upon information and belief insofar as they pertain to the conduct of the

23  Defendants:

24                                          **I**

25                                    **INTRODUCTION**

26          1.    This is a civil action brought under the Unfair Competition Law (Business and Professions

27  Code §17200 *et seq.*) and the False Advertising Law (Business and Professions Code §17500 *et seq.*)

28  to redress Defendants' unlawful, unfair and fraudulent business acts and practices and deceptive

1

**CLASS ACTION COMPLAINT**

1  advertising in the marketing and sale of its falsely labeled Pinot Noir wine to consumers. Millions of

2  bottles of red wine labeled, marketed, distributed, and sold by Defendants as Pinot Noir, were, in fact,

3  not Pinot Noir wine.

4       2.     Upon information and belief, Defendants labeled, marketed, distributed, and sold millions

5  of bottles of Pinot Noir under the label Red Bicyclette, among others. These bottles of falsely labeled

6  Pinot Noir wine were illegally cut with cheaper Syrah and Merlot grapes.

7  <div align="center">**II**</div>

8  <div align="center">**JURISDICTION AND VENUE**</div>

9       3.     Each of the Defendants has headquarters in, or does substantial business in, the State of

10  California.

11       4.     Each of the business acts and practices described herein was performed, in whole or in part,

12  in the State of California.

13       5.     Venue as to each defendant is proper in this judicial district, pursuant to <u>Code of Civil</u>

14  <u>Procedure</u> §395. Defendants is headquartered in California, operates in California, and sells its Pinot

15  Noir wines nationwide, including within the State of California and the County of Los Angeles. The

16  unlawful, unfair, and fraudulent business acts and practices and false advertising alleged herein have

17  a direct effect on Plaintiff and those similarly situated within the State of California and Los Angeles

18  County.

19  <div align="center">**III**</div>

20  <div align="center">**PARTIES**</div>

21  **A.**   <u>**Plaintiff**</u>

22       6.     Plaintiff **MARK ZELLER** is a resident of California.

23       7.     Plaintiff **ZELLER** has purchased Defendants' Pinot Noir wine.

24       8.     Defendants failed to provide Plaintiff and all others similarly situated with the Pinot Noir

25  wine that it advertised and sold as Pinot Noir wine. Instead, Defendants illegally provided Plaintiff and

26  others similarly situated with an inferior wine made from less expensive grapes.

27  **B.**   <u>**Defendants**</u>

28       9.     Defendant **E & J GALLO WINERY** is a California corporation operating in California.

<div align="center">2</div>

<div align="center">_____</div>

<div align="center">CLASS ACTION COMPLAINT</div>

1 │ Defendant owns and operates several locations in the State of California. Defendant's corporate address

2 │ is 600 Yosemite Blvd., Modesto, CA 95353. Defendant has sold bottles of falsely labeled wine to

3 │ Plaintiff and similarly situated persons throughout the State of California.

4 │      10.   Defendant **AIMERY SIEUR D'ARQUES** is a French cooperative that grew the grapes

5 │ that were used to make the fake Pinot Noir wine sold by Defendant E & J Gallo Winery, Inc.

6 │ Defendant's principle place of business is located at Avenue du Carcassonne BP 30, 11300 Limoux,

7 │ France.

8 │      11.   Defendant **DUCASSE COMPANY** is a French entity that sold the wine to Defendant E

9 │ & J Gallo Winery, Inc. Defendant's principle place of business is located at 23 Quai Bellevue 11000,

10 │ Caracassonne, France.

11 │      12.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

12 │ Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore

13 │ sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and

14 │ believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally

15 │ responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court

16 │ to amend this Complaint to reflect the true names and capacities of the defendants designated

17 │ hereinafter as DOES when such identities become known.

18 │      13.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

19 │ all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

20 │ business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

21 │ attributable to the other Defendants.

22 │ <div align="center">**IV**</div>

23 │ <div align="center">**OVERVIEW OF APPLICABLE LAW**</div>

24 │   **A.**   <u>The Unfair Competition Law</u>

25 │      14.   The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by

26 │ Business and Professions Code §17200 as including "any unlawful, unfair or fraudulent business act

27 │ or practice . . ."

28 │      15.   As the California Supreme Court has noted, the UCL's "purpose is to protect both

<div align="center">3</div>

<div align="center">CLASS ACTION COMPLAINT</div>

1   consumers and competitors by promoting fair competition in commercial markets for goods and

2   services." (*Kasky v. Nike Inc.* (2002) 27 Cal.4th 939, 949.)  The UCL is broadly worded, leading the

3   California Supreme Court to observe that the UCL "was intentionally framed in its broad, sweeping

4   language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the

5   fertility of man's invention would contrive."  (*Barquis v. Merchants Collection Association* (1972) 7

6   Cal.3d 94, 112 [citations and internal quotation marks omitted].)  The UCL contains no express intent,

7   knowledge, or negligence requirement, and therefore has been construed as "impos[ing] strict liability."

8   (*Searle v. Wyndham International, Inc.* (2002) 102 Cal.App.4th 1327, 1333.)

9       16.    "Because Business and Professions Code §17200 is written in the disjunctive, it establishes

10   three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent."

11   (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.)

12       17.    The unlawful prong of §17200 proscribes "anything that can properly be called a business

13   practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632;

14   see also *Podolosky v. First Healthcare Corp., supra*, 50 Cal.App.4th at p. 647 ["Virtually any state,

15   federal or local law can serve as the predicate for an action under Business and Professions Code section

16   17200."]; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 ["The 'unlawful' practices

17   prohibited by §17200 are any practices forbidden by law, be it civil or criminal, federal, state, or

18   municipal, statutory, regulatory, or court-made."].)

19       18.    The *unfair* prong of §17200 "provides an independent basis for relief"; in other words, "[i]t

20   is not necessary for a business practice to be 'unlawful' in order to be subject to an action under the

21   unfair competition law." (*Smith v. State Farm Mutual Automobile Insurance Co.* (2001) 93 Cal.App.4th

22   700, 718.)  "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . .'

23   [Citation.]" (*South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861,

24   887.)

25       19.    The courts of this State have adopted several tests for determining whether a business act

26   or practice is *unfair*:

27       20.    A business practice is unfair "when that practice 'offends an established public policy or

28   when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious.'" (*State

4

CLASS ACTION COMPLAINT

1   *Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102 [quoting *People v.*

2   *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 530].)

3      21.   Another "test of whether a business practice is unfair involves an examination of [that

4   practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the

5   alleged wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the

6   gravity of the harm to the alleged victim. . ." (*State Farm Fire & Casualty Co. v. Superior Court*, *supra*,

7   45 Cal.App.4th at pp. 1103-1104.)

8      22.   It also is an unfair business practice when the defendant's conduct "threatens an incipient

9   violation of [a law], or violates the policy or spirit of [a law] because its effects are comparable to or

10  the same as a violation of the law, or otherwise significantly threatens or harms competition."

11  (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187; see

12  also *Scripps Clinic v. Superior Court (Thompson)* (2003) 108 Cal.App.4th 917, 940.)

13     23.   More recently, one Court of Appeal has fashioned a test for determining whether a practice

14  is unfair based upon section 5 of the Federal Trade Commission Act (United States Code, title 15,

15  section 41 *et seq.*).  Under this test, "[a]n act or practice is unfair if [1] the consumer injury is

16  substantial, [2] is not outweighed by any countervailing benefits to consumers or to competition, and

17  [3] is not an injury the consumers themselves could reasonably have avoided." (*Daugherty v. American*

18  *Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839 [bracketed numbers added].)

19     24.   The fraudulent prong of §17200 "affords protection against the probability or likelihood

20  as well as the actuality of deception or confusion."  (*Payne v. United California Bank* (1972) 23

21  Cal.App.3d 850, 856.)  "The test is whether the public is likely to be deceived." (*South Bay Chevrolet*

22  *v. General Motors Acceptance Corp.*, *supra*, 72 Cal.App.4th at p. 888.)

23  **B.   The False Advertising Law**

24     25.   Business and Professions Code §17500, a provision of the False Advertising Law ("FAL"),

25  provides in relevant part that it is:  (a) "unlawful for any person, firm, corporation or association," (b)

26  "to make or disseminate or cause to be made or disseminated before the public in this state," (c) "in any

27  newspaper or other publication, or any advertising device, . . .or in any other manner or means," (d) "any

28  statement, concerning. . .[the performance of] services. . .which is untrue or misleading," (e) "which is

1  known, or which by the exercise of reasonable care should be known, to be untrue or misleading," and

2  (f) "with intent directly or indirectly to. . .perform services, professional or otherwise. . .or to induce the

3  public to enter into any obligation relating thereto. . ."

4      26.    The False Advertising Law applies broadly to commercial speech and includes within its

5  purview not merely advertisements specific to products or services being sold, but also to more general

6  statements intended to burnish a corporation's image in the eyes of the public. (See *Kasky v. Nike, Inc.*,

7  *supra*, 27 Cal.4th 939.)

8      27.    A statement is "untrue or misleading" for purposes of §17500 "if members of the public

9  are likely to be deceived." (*Chern v. Bank of America* (1976) 15 Cal.3d 866, 876.)

10     28.    While §17200 can be violated with no showing that the defendant acted intentionally,

11  knowingly, or negligently, §17500 requires proof that the statement was "known, or which by the

12  exercise of reasonable care should be known, to be untrue or misleading" (Business and Professions

13  Code §17500), which creates a negligence standard.  (See *Khan v. Medical Board* (1993) 12

14  Cal.App.4th 1834, 1846.)  Under this standard, a seller has "a duty of investigation," such that the

15  seller's "failure to verify and investigate breaches the duty of care when facts are present which would

16  put a reasonable person on notice of possible misrepresentations." (*People v. Superior Court (Forest

17  E. Olson, Inc.)* (1982) 137 Cal.App.3d 137, 139.)

18     29.    A violation of §17500 may be the subject of a civil action seeking an injunction and/or

19  restitution. (Business and Professions Code §§17535 and 17536.)

20                                      V

21                      **CLASS ACTION ALLEGATIONS**

22     30.    Plaintiff is seeking to represent a class of similarly situated Californians defined as follows:

23          All persons who purchased wine labeled as Pinot Noir that was sold and/or
            distributed by E & J GALLO WINERY including, but not limited to, Red
24          Bicyclette label, within the State of California that can be traced to the
            18,000,000 bottles of wine subject to the French criminal proceeding in
25          Carcassonne, France that culminated in 12 convictions in February 2010.
            ("Proposed Class")
26

27     31.    This action is brought as a class action and may properly be so maintained pursuant to the

28  provisions of the Code of Civil Procedure §382. Plaintiff reserves the right to modify the class

                                        6

1  definition and the class period based on the results of discovery pursuant to Rule 3.765 of the California

2  Rules of Court.

3  **A.  Numerosity**

4      32.  The potential members of the proposed class as defined are so numerous that joinder of

5  all the members of the proposed class is impracticable.  While the precise number of proposed class

6  members has not been determined at this time, Plaintiff is informed and believes that at least 300,000

7  bottles of Pinot Noir wine were sold in the State of California.

8      33.  Plaintiff alleges Defendants' records would provide information as to the total number of

9  bottles of wine sold.  Joinder of all members of the proposed class is not practicable.

10  **B.  Commonality**

11      34.  There are questions of law and fact common to the proposed class that predominate over

12  any questions affecting only individual class members.  These common questions of law and fact

13  include, without limitation:

14      (a)  Whether the Pinot Noir wine labeled, marketed, promoted, distributed, and sold

15  by Defendants violates the Unfair Competition Law;

16      (b)  Whether Defendants violated the False Advertising Law by promoting the wines

17  it labeled, marketed, promoted, distributed, and sold as Pinot Noir;

18      (c)  Whether Defendant knew or should have known that the wine it labeled,

19  marketed, promoted, distributed, and sold as Pinot Noir was made from grapes other than those used

20  to make Pinot Noir wine;

21      (d)  Whether Plaintiff and Similarly Situated Class Members justifiably relied on

22  Defendants' representation that the wine it sold was Pinot Noir;

23  **C.  Typicality**

24      35.  The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff

25  and all members of the proposed class sustained injuries and damages arising out of and caused by

26  Defendants' unlawful, unfair and fraudulent business acts and practices and deceptive advertising in the

27  marketing and sale of its Pinot Noir to consumers as alleged herein.

28  **D.  Adequacy of Representation**

CLASS ACTION COMPLAINT

36.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class.  Counsel who represents Plaintiff are competent and experienced in litigating large class actions.

**E.     Superiority of Class Action**

37.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class.  Each member of the proposed class has been damaged and is entitled to recovery by reason of Defendants' unlawful, unfair and fraudulent business acts and practices and deceptive advertising in the marketing and sale of its Pinot Noir.

38.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

<div align="center">

**VI**

**FIRST CAUSE OF ACTION**

**UNFAIR, MISLEADING AND DECEPTIVE BUSINESS PRACTICES**

**PURSUANT TO BUSINESS & PROFESSIONS CODE §17200**

</div>

39.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

40.     This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff on behalf of himself, the general public, and others similarly situated, bring this claim pursuant to Business and Professions Code §17200 *et seq*.  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> §1021.5.

41.     Plaintiff is a "person" within the meaning of Business and Professions Code §17204, and therefore has standing to bring this cause of action for restitution and other appropriate equitable relief.

<div align="center">

8

---

CLASS ACTION COMPLAINT

</div>

42.     Defendants, by labeling, marketing, promoting, distributing, and selling the falsely labeled wine, either knew or in the exercise of reasonable care, should have known that their conduct was misleading and deceptive and therefore in violation of §17200 *et seq.* of the Business and Professions Code.

43.     As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated reasonably relied on the Defendants' representations that the wine it sold was Pinot Noir and purchased the wine at a value greater than it would have sold for if properly labeled. Plaintiff and Class Members have been damaged and are entitled to restitution in a sum as may be proven.

44.     Pursuant to the Business and Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to disgorge Defendants of ill-gotten profits which may be necessary to restore to Plaintiff and the Proposed Class the money Defendants have unlawfully received.

## VII

## SECOND CAUSE OF ACTION

## UNTRUE OR MISLEADING ADVERTISING

## PURSUANT TO BUSINESS & PROFESSIONS CODE §17500

45.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

46.     At all times herein mentioned, Defendants labeled, marketed, promoted, distributed, and sold falsely labeled Pinot Noir wine to customers throughout California, the United States, and the World.

47.     Since at least four years prior to the filing of the Complaint and continuing to the present, Defendants have engaged in advertising campaigns to sell the falsely labeled Pinot Noir to the public, including Plaintiff and others.

48.     The advertisements are and were disseminated to and received by the public. The advertisements included the labeling of its bottles of Pinot Noir wine as well as any and all references to bottles of Pinot Noir sold by Defendants throughout the United States and throughout the World.

49.     Defendants' advertising was untrue or misleading and likely to deceive the public in that

9

CLASS ACTION COMPLAINT

Exhibit B Page 47

1  Defendants represented to Plaintiff and the Proposed Class that the wine it sold was of a higher quality
2  than was actually the case.

3      50.    In making and disseminating the statements herein alleged, Defendants knew, or by the
4  exercise of reasonable care should have known, that the statements were untrue or misleading and so
5  acted in violation of §17500 of the Business and Professions Code.

6      51.    Pursuant to Business and Professions Code §17535, this Court should make such orders
7  or judgments, including the appointment of a receiver, as may be necessary to restore Plaintiff and
8  members of the Proposed Class, money paid to or acquired by Defendants in connection with the sales
9  of the falsely labeled Pinot Noir.

10                                   **VIII**

11                         **THIRD CAUSE OF ACTION**

12                     **FRAUD AND INTENTIONAL DECEIT**

13                    **PURSUANT TO CIVIL CODE §1709**

14      52.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs
15  as if fully set forth herein.

16      53.    Civil Code §1709 provides in relevant part: tortious fraud or deceit occurs when a party
17  "willfully deceives another with the intent to induce him to alter his position to his injury or risk."

18      54.    The unlawful, unfair, and fraudulent business acts and practices of Defendants constitute
19  fraud under Civil Code §1709 in that Defendants materially misrepresented the falsely labeled wine as
20  Pinot Noir when they knew that the wine they labeled, marketed, promoted, distributed, and sold was
21  not actually Pinot Noir wine.  This substantially increased their profits.

22      55.    Defendants knowingly concealed and failed to disclose material facts with the intent to
23  induce reliance upon this material misrepresentation.  Specifically, Defendants misrepresented to
24  Plaintiff and the Proposed Class that the wine it sold was of a higher quality than was actually the case
25  in an effort to induce Plaintiff, and all others similarly situated, to buy the cheaper, falsely labeled wine.

26      56.    Plaintiff and similarly situated class members justifiably relied upon this material
27  misrepresentation that the wine labeled, marketed, promoted, distributed, and sold by Defendants was
28  Pinot Wine when, in fact, it was not.  This fraud was only revealed by happenstance and the hard work

CLASS ACTION COMPLAINT

1    of the French authorities.

2    57. As a result of Defendants' fraudulent acts, Plaintiff, and all others similarly situated, were

3    harmed. Defendants caused damage to Plaintiff and the proposed Class as they were induced to buy

4    a falsely labeled wine from Defendants when the actual wine purchased was of inferior quality.

5    Because of defendant's fraudulent conduct, plaintiff seeks punitive damages in an amount as may be

6    proven.

7                                              IX

8                              FOURTH CAUSE OF ACTION

9                          NEGLIGENT MISREPRESENTATION

10                    PURSUANT TO CIVIL CODE §§1572(2), 1709, 1710

11   58. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

12   as if fully set forth herein.

13   59. Negligent misrepresentation occurs if a party to the contract makes a positive assertion,

14   in a manner not warranted by the information of the person making it, of that which is not true, though

15   he believes it to be true, with an intent to deceive another party thereto, or to induce him to enter into

16   the contract. Civ. Code §1572. Negligent misrepresentation may also occur if a person willfully

17   deceives another person with intent to induce him to alter his position to his injury or risk, is liable for

18   any damage which he thereby suffers. Civ. Code §§1709, 1710.

19   60. Defendants negligently misrepresented and concealed from Plaintiff, and all others

20   similarly situated, the true nature of their falsely labeled Pinot Noir wine.

21   61. These material misrepresentations were negligently made to Plaintiff, and all others

22   similarly situated, through uniform mislabeling, non-disclosure, concealment, and through mass media,

23   point-of-sale advertising, and other information disseminated by Defendants.

24   62. Defendants knew at all times that Plaintiff and the proposed Class relied upon its labeling.

25   Defendants materially misrepresented the falsely labeled wine as Pinot Noir when they knew, or by the

26   exercise of reasonable care should have known, that the wine they labeled, marketed, promoted,

27   distributed, and sold was not actually Pinot Noir wine.

28   63. Defendants materially misrepresented the falsely labeled wine as Pinot Noir without any

                                            11

1 reasonable ground for believing that the wine was actually Pinot Noir.

2     64.    Defendants intended to induce reliance upon this material misrepresentation to influence

3 the purchasing decisions of Plaintiff, and all others similarly situated.  Defendants misrepresented to

4 Plaintiff and the Proposed Class that the wine it sold was of a higher quality than was actually the case

5 in an effort to induce Plaintiff, and all others similarly situated, to buy the cheaper, falsely labeled wine.

6     65.    Plaintiffs justifiably relied upon Defendants' labeling believing that they were purchasing

7 Pinot Noir wine as labeled.

8     66.    As a result of Defendants' negligent misrepresentations, Plaintiff, and all others similarly

9 situated, were harmed.  Defendants caused damage to Plaintiff and the proposed Class as they were

10 induced to buy a falsely labeled wine from Defendants when the actual wine purchased was of inferior

11 quality.

12     67.    Defendant's conduct as described above and the policy were done with a conscious

13 disregard of the rights of plaintiff and others similarly situated in clear violation of California Law and

14 resulted in oppression, and/or malice constituting despicable conduct under California Civil Code §3294

15 entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of

16 defendants.

17                             **X**

18               **FIFTH CAUSE OF ACTION**

19          **BREACH OF THE IMPLIED COVENANT**

20          **OF GOOD FAITH AND FAIR DEALING**

21     68.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

22 as if fully set forth herein.

23     69.    In every contract or agreement there is an implied promise of good faith and fair dealing

24 meaning that each party will not do anything to unfairly interfere with the right of any other party to

25 receive the benefits of the contract.

26     70.    Defendants unfairly interfered with Plaintiff's right, and the rights of all others similarly

27 situated, to receive the benefits of the contract in that it knew Plaintiff and the proposed Class relied

28 upon its labeling, yet it unfairly, unlawfully, and fraudulently mislabeled its wine to influence the

1   purchasing decisions of Plaintiff and the proposed Class.

2       71.    As a result of Defendants' unfair, unlawful, and fraudulent acts, Plaintiff, and all others

3   similarly situated, were harmed.  Defendants caused damage to Plaintiffs as they were induced to buy

4   a falsely labeled wine from Defendants when the actual wine purchased was of inferior quality.

5   <center>XI</center>

6   <center>**SIXTH CAUSE OF ACTION**</center>

7   <center>**MONEY HAD AND RECEIVED**</center>

8       72.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

9   as if fully set forth herein.

10       73.    As a result of the conduct described above, Defendants have been and may continue to be

11   unjustly enriched at the expense of the Plaintiff and the proposed Class.  Specifically, Defendants'

12   unlawful, unfair, and fraudulent conduct have enabled Defendants to label, market, promote, distribute,

13   and sell a less expensive and falsely labeled Pinot Noir wine to Plaintiff and the proposed Class unjustly

14   enriching Defendants.

15       74.    Defendant received the money of Plaintiff and the proposed for its falsely labeled Pinot

16   Noir wine.  The money was intended for the purchase of Pinot Noir wine.  Because the wine was not

17   Pinot Noir wine, but instead a less expensive vintage, Plaintiff and the proposed Class, did not the

18   receive the benefit of the purchase money.  Defendants have not returned the money to Plaintiff and the

19   proposed Class.

20       75.    It would be unjust and inequitable to allow Defendants to retain their ill gotten profits and

21   therefore should be required to disgorge profits unlawfully obtained.

22

23   <center>**RELIEF REQUESTED**</center>

24   **WHEREFORE,** Plaintiff prays for the following relief:

25       1.    For compensatory damages for the purchase price of the falsely labeled wine purchased

26   by Plaintiff and each class member.

27       2.    For restitution including an order disgorging profits obtained by Defendants for the

28   wrongful acts alleged herein.

<center>13</center>

<center>CLASS ACTION COMPLAINT</center>

3.  For putative damages as may be proven.

4.  For attorneys fees under California Code of Civil Procedure §1021.5 or other legal basis as may be proven.

5.  For costs of suit.

6.  For such other relief as the court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: February 25, 2010          KINGSLEY & KINGSLEY, APC

                                  By: _____
                                      ERIC B. KINGSLEY
                                      BRIAN LEVINE
                                      Attorneys for Plaintiffs

14

CLASS ACTION COMPLAINT

Exhibit B Page 52

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>GEORGE R. KINGSLEY, ESQ. SBN-38022<br>ERIC B. KINGSLEY, ESQ. SBN-185123<br>BRIAN LEVINE, ESQ. SBN-251416<br>16133 VENTURA BLVD., SUITE 1200, ENCINO, CA 91436 | **FILED**<br>Los Angeles Superior Court<br><br>**FEB 25 2010** |

TELEPHONE NO.: (818) 990-8300    FAX NO.: (818) 990-2903
ATTORNEY FOR *(Name):* MARK ZELLER, PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAURYA WESLEY

CASE NAME: MARK ZELLER V. E & J GALLO WINERY, INC.;
AIMERY SIEUR D'ARQUES; DUCASSE COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC432711 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400-3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [X] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: FEBRUARY 25, 2010                                    KINGSLEY & KINGSLEY, APC

*Brian Levine* _____              _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit B Page 53

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice— Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

Exhibit B Page 54

| SHORT TITLE: MARK ZELLER V. E & J GALLO WINERY, INC.; AIMERY SIEUR D'ARQUES; DUCASSE COMPANY | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 6 - 8 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1)., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [X] A6013  Fraud (no contract) | (1)., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4
LA-481

Exhibit B Page 55

| SHORT TITLE: MARK ZELLER V. E & J GALLO WINERY, INC.; AIMERY SIEUR D'ARQUES; DUCASSE COMPANY | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2. ,6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer - Commercial (31)** | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Residential (32)** | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Drugs (38)** | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit B Page 56

| SHORT TITLE: MARK ZELLER V. E & J GALLO WINERY, INC.; AIMERY SIEUR D'ARQUES; DUCASSE COMPANY | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: MARK ZELLER V. E & J GALLO WINERY, INC.; AIMERY SIEUR D'ARQUES; DUCASSE COMPANY | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: CORPORATE ADDRESS: 600 YOSEMITE BOULEVARD |
|---|---|
| [X]1. □2. □3. □4. □5. □6. □7. □8. □9. □10. | |

| CITY: MODESTO | STATE: CA | ZIP CODE: 95353 | CLASS ACTION TO BE FILED IN CENTRAL |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the SUPERIOR COURT courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

KINGSLEY & KINGSLEY, APC

Dated: FEBRUARY 25, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

BRIAN LEVINE

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Exhibit B Page 58

# EXHIBIT B

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using
the case number displayed on this page.

**Case Number:** BC432711
MARK ZELLER VS E & J GALLO WINERY INC ET AL

**Filing Date:** 02/25/2010
**Case Type:** Other Commercial/Business Tort (General Jurisdiction)
**Status:** Pending

---

### Future Hearings

**10/27/2010** at 01:30 pm in department 322 at 600 South Commonwealth Ave.,
Los Angeles, CA 90005
Further Status Conference

---

Documents Filed | Proceeding Information

### Parties

AIMERY SIEUR D'ARQUES - Defendant/Respondent

BINGHAM MCCUTCHEN LLP - Atty for Defendant and Cross-Compl

DOES 1 TO 50 - Defendant/Respondent

DUCASSE COMPANY - Defendant/Respondent

E & J GALLO WINERY INC. - Defendant and Cross-Complainant

KINGSLEY ERIC B. ESQ. - Attorney for Plaintiff/Petitioner

ROPES & GRAY LLP - Attorney for Deft/Respnt

ZELLER MARK - Plaintiff/Petitioner

---

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using
the case number displayed on this page.

Exhibit B Page 60

Los Angeles Superior Court - Civil Case Summary                                    Page 2 of 3

**Documents Filed** (Filing dates listed in descending order)

**08/10/2010** Order (ORDER AUTHORIZING ELECTRONIC SERVICE (Case Anywhere) )
Filed by Court

**08/03/2010** Report-Status (joint initial status conference report )
Filed by Attorney for Pltf/Petnr

**06/24/2010** Notice of Continuance (of initial status conference )
Filed by Attorney for Pltf/Petnr

**06/17/2010** Notice (of special appearance and request for continuance of initial status conference )
Filed by Attorney for Deft/Respnt

**06/07/2010** Cross-complaint
Filed by Atty for Defendant and Cross-Compl

**06/07/2010** Answer to First Amended Complaint
Filed by Attorney for Deft/Respnt

**05/26/2010** Notice of Continuance (OF INITIAL STATUS CONFERENCE )
Filed by Attorney for Plaintiff/Petitioner

**05/25/2010** Ntc and Acknowledgement of Receipt
Filed by Attorney for Pltf/Petnr

**04/29/2010** Notice (of posting complex fees pursuant to order deeming case complex )
Filed by Attorney for Pltf/Petnr

**04/27/2010** Notice (of initial status conference )
Filed by Attorney for Pltf/Petnr

**04/20/2010** Ntc of Unpaid Filing Fees (complex fee Mark Zeller )
Filed by Clerk

**04/13/2010** Summons Filed
Filed by Attorney for Plaintiff/Petitioner

**04/13/2010** First Amended Complaint (CLASS ACTION COMPLAINT )
Filed by Attorney for Plaintiff/Petitioner

**04/12/2010** Notice (RE 170.6 CCP RE-ASSIGNMENT )
Filed by Attorney for Plaintiff/Petitioner

**04/07/2010** Notice (of peremptory challenge acceptance )
Filed by Attorney for Pltf/Petnr

**03/26/2010** Affidavit of Prejudice--Peremptory
Filed by Attorney for Plaintiff/Petitioner

Exhibit B Page 61

**03/25/2010** Notice-Related Cases (BC434173 )
Filed by Attorney for Pltf/Petnr

**03/25/2010** Order - Other (Initial Status Conf. )
Filed by Court

**02/25/2010** Complaint

---

Case Information  |  Party Information  |  Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**05/26/2010** at 08:30 am in Department 322, Carl J. West, Presiding
Court Order - **Completed**

**03/29/2010** at 02:30 pm in Department 323, Carolyn B. Kuhl, Presiding
Affidavit of Prejudice - **Case is reassigned**

**03/19/2010** at 08:30 am in Department 311, Carl J. West, Presiding
Court Order - **Court makes order**

---

Case Information  |  Party Information  |  Documents Filed  |  Proceeding Information

Exhibit B Page 62

1

## PROOF OF SERVICE

2

3       I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 555 West 5th Street, 46th Floor, Los Angeles, CA 90013.  On October 22, 2010, I served the following document(s):

4

5       **DECLARATION OF SARAH E. ANDRE IN SUPPORT OF OBJECTION OF CONSTELLATION BRANDS, INC. AND CONSTELLATION WINES U.S., INC. TO COURT'S DESIGNATION OF CASE AS NON-COMPLEX**

6

7       on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

8

9       _X_ :    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

10

11

12      ___ :    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

13

14      ___ :    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

15

16      ___ :    By Facsimile — From facsimile number (213) 629-6001, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

17

18      Addressee(s):

19          **Please see attached list.**

20          I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 22, 2010, at Los Angeles, California.

21

22

23                                                          Heidi Ornelas

24

25

26

27

28

-1-

PROOF OF SERVICE

13209849.1

# SERVICE LIST

### Zeller v. Constellation Brands, et al.
### Los Angeles Superior Case No. BC443338

| | |
|---|---|
| Eric B. Kingsley, Esq.<br>Brian Levine, Esq.<br>Kelsey Peterson-More, Esq.<br>KINGSLEY & KINGSLEY, APC<br>16133 Ventura Boulevard, Suite 1200<br>Encino, CA 91436 | Attorneys for Plaintiffs<br><br>Tel: 818-990-8300<br>Fax 818-990-2903<br>Emails: eric@kingsleykingsley.com;<br>blevine@kingsleykingsley.com;<br>kelsey@kingsleykingsley.com |
| Michael A. Caddell, Esq.<br>Cynthia B. Chapman, Esq.<br>Cory S. Fein, Esq.<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010 | Attorneys for Plaintiffs<br><br>Tel: 713-751-0400<br>Fax: 713-751-0906<br>Emails: mac@caddellchapman.com;<br>cbc@caddellchapman.com;<br>csf@caddellchapman.com |
| Peter M. Brody, Esq.<br>ROPES & GRAY LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948 | Attorneys for SDA Entities<br><br>Tel: 202-508-4600<br>Fax: 202-508-4650<br>Emails: |
| Rocky C. Tsai, Esq.<br>Thad A. Davis, Esq.<br>ROPES & GRAY LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006 | Attorneys for SDA Entities<br><br>Tel: 415-315-6300<br>Fax: 415-315-6350<br>Emails: |

-2-

PROOF OF SERVICE

13209849.1

Exhibit B Page 64

COPY

1  Sarah E. André (State Bar No. 236145)
       sandre@nixonpeabody.com
2  NIXON PEABODY LLP
   Gas Company Tower
3  555 West Fifth Street, 46th Floor
   Los Angeles, California 90013
4  Phone: (213) 629-6000
   Facsimile: (213) 629-6001
5

6  Bruce E. Copeland (State Bar No. 124888)
       bcopeland@nixonpeabody.com
7  NIXON PEABODY LLP
   One Embarcadero Center
8  San Francisco, California 94111
   Phone: (415) 984-8200
9  Facsimile: (213) 983-8300
10

11
   Attorneys for Defendants
12 CONSTELLATION BRANDS, INC. and
   CONSTELLATION WINES U.S., INC.
13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA
15
                      COUNTY OF LOS ANGELES
16

17 MARK ZELLER, on behalf of himself and others      Case No. BC443338
   similarly situated,
18                                                    **OBJECTION OF CONSTELLATION
19              Plaintiff,                            BRANDS, INC. AND CONSTELLATION
                                                      WINES U.S., INC. TO COURT'S
20      v.                                            DESIGNATION OF CASE AS NON-
                                                      COMPLEX, IN RESPONSE TO
21 CONSTELLATION BRANDS, INC.;                        INVITATION OF COURT**
   CONSTELLATION WINES U.S., INC.; SICA
22 CAVES DU SIEUR D'ARQUES; AIMERY                    Dept. 324
   SIEUR D'ARQUES; VIGNERON DU SIEUR
23 D'ARQUES; DOMAINE ET VIGNOBLE DU                   Hon.  Emilie H. Elias
   SUD, formerly known as Société Ducasse; and
24 DOES 1 to 50 Inclusive,                            Complaint Filed: August 10, 2010
25              Defendants.                            Trial Date: None Set
26
27
28

ORIGINAL FILED
OCT 2 2 2010
LOS ANGELES
SUPERIOR COURT

OBJECTION TO COURT'S DESIGNATION OF CASE AS
NON-COMPLEX; CASE NO. BC443338

13208996.2

1  Pursuant to California Rule of Court 3.400, and in timely response to the October 12, 2010,

2  service of the Court's September 3, 2010, minute order, defendants Constellation Brands, Inc. and

3  Constellation Wines U.S., Inc. (collectively "Constellation Defendants") respectfully object to the

4  Court's determination that this case is non-complex. The basis for this Objection is that the legal and

5  factual issues presented in the Complaint are extremely complex and time consuming to litigate. The

6  treatment of this case as complex will facilitate a speedier, less expensive, less burdensome, and more

7  efficient solution.

8  **I.    THIS OBJECTION IS TIMELY**

9  The action was commenced on August 10, 2010. On September 3, 2010, before the

10  Constellation Defendants had been served with a copy of the Complaint, this court (Hon. Emile H.

11  Elias) issued a minute order which designated the case as non-complex. The Minute Order further

12  provided that "Any party objecting to the non-complex designation must file an objection . . . in

13  Department 324 *within ten (10) days of service of this minute order*." (Emphasis added.) The Minute

14  order directed Plaintiff Mark Zeller to serve a copy of the minute order on all parties forthwith.

15  The Constellation Defendants were not served with the Summons and Complaint or this

16  Court's minute order until October 12, 2010. As a result, the Constellation Defendants now timely

17  object in response to this Court's minute order of September 3, 2010.

18  **II.    UNDERLYING FACTS AND THE RELATED *ZELLER V. GALLO* ACTION**

19  Plaintiff affirmatively represented on his civil cover sheet that this case is not complex

20  pursuant to Rule 3.400 of the California Rules of Court. The face of the Complaint, however, reveals

21  just the contrary: a complex case with numerous challenging issues and questions, the resolution of

22  which requires the special judicial management afforded by the complex department's rules and

23  guidelines.

24  This is a putative class action brought by Plaintiff on behalf of "[a]ll residents of the United

25  States who purchased one or more bottles of 2005, 2006, 2007, or 2008 Constellation Brand wine

26  labeled as 'Pinot Noir' ('Proposed Class')." (Complaint ¶ 49.) The Complaint alleges that the

27  various defendants "labeled, marketed, and sold millions of bottles labeled as "Pinot Noir" . . . and

28

OBJECTION TO COURT'S DESIGNATION OF CASE AS
NON-COMPLEX; CASE NO. BC443338

1    that these bottles of wine were "illegally cut with cheaper Syrah and Merlot grapes." (Complaint ¶

2    2.)

3          Plaintiff estimates that the number of alleged class members is "at least tens of thousands."

4    (Complaint ¶ 51.)  Over the four-year class period, these class members may, or may not, have

5    purchased one, or more bottles of wine from one or more of the Constellation Defendants portfolio of

6    wine labels, which include the following popular U.S. brands alleged by Plaintiff: Woodbridge by

7    Robert Mondavi, Clos du Bois, Black Box, Robert Mondavi Private Selection, Ravenswood,

8    Blackstone, Toasted Head, Franciscan Estate, Mount Veeder Winery, Robert Mondavi Winery, Simi,

9    Estancia, Hogue, and Rex Goliath.  Plaintiff asserts that "at least hundreds of thousands of bottles . . .

10   "labeled as "Pinot Noir" were sold nationwide."  (Complaint ¶ 51.)

11         The Complaint contains eight (8) purported causes of action for: (1) violation of California

12   Business and Professions Code § 17200 et seq. (unfair competition); (2) violation of California

13   Business and Professions Code § 17200 et seq. (false advertising); (3) fraud; (4) fraudulent

14   concealment and nondisclosure; (5) negligent misrepresentation; (6) express warranty; (7) breach of

15   the implied covenant of good faith and fair dealing; and (8) money had and received.

16         Significantly, his Court has already recognized a similar class action by this same Plaintiff,

17   *Zeller v. E.&J. Gallo Winery*, Case No. BC 432711 (Complaint filed April 13, 2010)("*Zeller v.

18   Gallo*"), as complex.  (Declaration of Sarah E. André, Exhibits A and B.)

19         The resolution of Plaintiff's many causes of action, particularly fraud and fraudulent

20   concealment which, by law, are fact specific to each plaintiff, may well require a significant amount

21   of motion practice and discovery.  There will likely be discovery and substantial dispute on the issue

22   of class certification.  And while the Constellation Defendants believe that no class could be certified,

23   if a class is certified, hundreds of depositions, voluminous document production, and a large volume

24   of written discovery, are likely to take place.  In addition, if a class is certified, there may be special

25   need for court-supervised judicial administration of processes unique to class actions.  Moreover, in

26   the event of class certification, and should the Constellation Defendants' contemplated motions for

27   decertification be denied, the Court might be called on to supervise post-trial or post-settlement class

28   claims.  This is best handled within complex guidelines with expansive judicial discretion.

-3-

## III.  THIS ACTION IS "COMPLEX" UNDER THE CALIFORNIA RULES OF COURT

In general, "complex" cases are those that "require[] specialized management to avoid placing unnecessary burdens on the court or the litigants." *First State Ins. Co. v. Superior Ct.*, 79 Cal. App. 4th 324, 332 (Cal. Ct. App. 2000) (quotation and citation omitted).  The factors a court should consider in making such a designation include, "among other things, whether the action is likely to involve":

(1)  Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve;

(2)  Management of a large number of witnesses or a substantial amount of documentary evidence;

(3)  Management of a large number of separately represented parties;

(4)  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or

(5)  Substantial postjudgment judicial supervision.

Cal. R. Ct. 3.400(b).  A majority of these factors require designation of this action as "complex."

Application of these factors to this case requires that it be designated as "complex."

### A.  *This Case May Well Involve Numerous Pretrial Motions Raising Difficult Issues*

This case may well involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.  Without exhausting all of the likely motions, they would include at least the following: (1) a demurrer for misjoinder, (2) a *forum non conveniens* motion, (3) a motion for judgment on the pleadings and/or summary adjudication, (4) a motion by Plaintiff for class certification and papers from the Constellation Defendants challenging any such motion, and, if necessary, (5) a motion to de-certify the class.

Further, the need for complex case treatment becomes even more compelling given the extremely large number of parties at issue – suggested by Plaintiff to be "at least tens of thousands." Indeed, with more than 10,000 "residents" purported to be class members and the different combinations of claims, issues, and evidence relating to them, complex treatment is essential. *See, e.g., Cottle v. Superior Court*, 3 Cal. App. 4th 1367, 1372 (Cal. Ct. App. 1992) (designating a case as "complex" when it involved approximately forty plaintiffs suing for allegedly similar damages due to

-4-

1  toxic waste disposal); *First State Ins. Co.*, 79 Cal. App. 4th at 327 (designating a case involving

2  approximately sixty parties as "complex").

3    **B.    This Case Will Require Management of a Large Number of Experts, Witnesses,**

4       **and a Substantial Amount of Documentary Evidence**

5        If Plaintiff's claims survive earlier motions, and if the Court allows the range of discovery

6  Plaintiff will most likely demand on his novel liability theories, this case is likely to involve a large

7  number of witnesses, documents and electronic discovery, both domestically and in France.  Indeed,

8  with tens of thousands of potential plaintiffs, each of which is differently situated, there will be

9  unique and challenging issues.[1]

10        The majority of the named defendants (Sica Caves Du Sieur D'Arques; Aimery Sieur

11  D'Arques; Vigneron Du Sieur D'Arques; Domaine Et Vignoble Du Sud, formerly known as Société

12  Ducasse (collectively the "French Defendants")) are French entities.  The French Defendants will

13  likely challenge whether this Court has jurisdiction.  Discovery (communications, contracts, reports,

14  etc.) relating to the French Defendants is likely to be located in France and in the French language.

15  In addition, significant discovery in this action will involve past and ongoing civil and criminal

16  litigation in France.  These court documents, along with other discovery from France, will require

17  translation – an expensive and time-consuming process.

18        Plaintiff's discovery could involve a large number of documents and witnesses related to

19  Defendants' operations all over the United States and France.  Without conceding the validity or

20  admissibility of their approach, Plaintiff's theory of the case would call into question the business

21  relationships and practices of the various defendants over a period of over four years and involve: (1)

22  communications between the Constellation Defendants and the Alcohol, Tobacco Tax and Trade

23  Bureau ("TTB") regarding the Pinot Noir at issue and document provided to the TTB in this regard;

24  (2) documents and information provided to the Constellation Defendants by the French Defendants

25  regarding the authenticity of the Pinot Noir; (3) documents and information regarding the sale,

26

27  ───────────────

28  [1] Even preliminary discovery for purposes of class certification will create many of these issues.

-5-

distribution and prices of the Pinot Noir at issue; (4) evidence regarding whether Plaintiff and the purported class were damaged as a result of the alleged conduct; and (5) evidence relating to the allegations in the Complaint regarding the commonality, numerosity, and typicality of the claims.

Discovery relating to liability is likely to require expert testimony from enologists, chemists, and other scientists regarding wine composition and characterization. Witnesses will also be necessary, and are likely to come from all over this country and from France.

Discovery on alleged damages could involve records of sales for a period exceeding four years from the French Defendants, from the Constellation Defendants, and from French and United States vendors and distributors who are not part of this action. Moreover, retrieval and translation (into English) of numerous agreements, contracts, e-mails, and other communications between the Constellation Defendants and the French Defendants is likely to be expensive and time-consuming. The Court will also be required to examine privacy issues regarding all of the above issues and the proper amount of cost-shifting to plaintiff and his counsel for resolution of the above issues and/or production of such information by the Constellation Defendants. Potential discovery likely will run into the tens of thousands of pages, separate and apart from electronic discovery. In short, this case already promises to be paper-intensive for any court with responsibility for its adjudication.

The potential plaintiffs' geographic dispersion across the country will exacerbate the potential problems that will arise with such discovery. The actions and events alleged to have caused injury in this case are not specific to California. Rather, an injury is alleged to have occurred when a "resident[] of the United States purchased one or more bottles" of the Pinot Noir at issue. (Complaint ¶ 49.) Thus, class members – and discovery relating to them – could be almost anywhere (and everywhere) in the United States.

Discovery is also highly likely to involve experts. Collectively, these are precisely the kinds of problems where treatment as a "complex" case may "'facilitate pretrial resolution of evidentiary and other issues . . . .'" *First State Ins. Co.*, 79 Cal. App. 4th at 333 (quoting *Asbestos Claims Facility v. Berry & Berry*, 219 Cal. App. 3d 9, 14 (Cal. Ct. App. 1990)).

Perhaps most telling is this fact that this Court has already recognized the related *Zeller v. Gallo* action as complex. The Plaintiff in *Zeller v. Gallo*, Mr. Zeller, is also the named plaintiff in

-6-

1    this case, and the *Zeller v. Gallo* complaint relies on many of the same facts and legal theories at

2    issue in this case. (André Decl., Exh. A.)  Similar to the allegations in this case, Mr. Zeller purports

3    to represent a nationwide class of plaintiffs in connection with allegedly mislabeled Pinot Noir

4    supplied by E.&J. Gallo and several of the French Defendants.  (André Decl., Exh. A.)  Recognizing

5    that the *Zeller v. Gallo* class action involves significant motion practice and discovery challenges, the

6    court designated the matter complex. (André Decl., Exh. B.)  For the same reasons, the Constellation

7    Defendants request that this Court designate the instant action as complex.

8    **IV.**    **CONCLUSION**

9        For the reasons set forth above, the Constellation Defendants respectfully request entry of an

10    order, as soon as practicable, designating this case as complex under Rule 3.400.

12    DATED: October 22, 2010            Respectfully submitted,

13                        NIXON PEABODY LLP

14                        By: _____

15                            Sarah E. André (State Bar No. 236145)

16                            sandre@nixonpeabody.com
NIXON PEABODY LLP

17                            Gas Company Tower
555 West Fifth St., 46th Floor

18                            Los Angeles, CA 90013
Telephone: (213) 629-6000

19                            Facsimile: (213) 629-6001

20                            Bruce E. Copeland (State Bar No. 124888)

21                            bcopeland@nixonpeabody.com
NIXON PEABODY LLP

22                            One Embarcadero Center
San Francisco, California 94111

23                            Phone: (415) 984-8200
Facsimile: (213) 983-8300

25                            Attorneys for Defendants
CONSTELLATION BRANDS, INC. and

26                            CONSTELLATION WINES U.S., INC.

## PROOF OF SERVICE

I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 555 West 5th Street, 46th Floor, Los Angeles, CA 90013.  On October 22, 2010, I served the following document(s):

**OBJECTION OF CONSTELLATION BRANDS, INC. AND CONSTELLATION WINES U.S., INC. TO COURT'S DESIGNATION OF CASE AS NON-COMPLEX, IN RESPONSE TO INVITATION OF COURT**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  :   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

_____:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

_____:   By Facsimile — From facsimile number (213) 629-6001, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

Addressee(s):

   **Please see attached list.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 22, 2010, at Los Angeles, California.

Heidi Ornelas

---

PROOF OF SERVICE

-1-

13209849.1

Exhibit B Page 72

# SERVICE LIST

## Zeller v. Constellation Brands, et al.
## Los Angeles Superior Case No. BC443338

| | |
|---|---|
| Eric B. Kingsley, Esq.<br>Brian Levine, Esq.<br>Kelsey Peterson-More, Esq.<br>KINGSLEY & KINGSLEY, APC<br>16133 Ventura Boulevard, Suite 1200<br>Encino, CA 91436 | Attorneys for Plaintiffs<br><br>Tel: 818-990-8300<br>Fax 818-990-2903<br>Emails: eric@kingsleykingsley.com;<br>blevine@kingsleykingsley.com;<br>kelsey@kingsleykingsley.com |
| Michael A. Caddell, Esq.<br>Cynthia B. Chapman, Esq.<br>Cory S. Fein, Esq.<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010 | Attorneys for Plaintiffs<br><br>Tel: 713-751-0400<br>Fax: 713-751-0906<br>Emails: mac@caddellchapman.com;<br>cbc@caddellchapman.com;<br>csf@caddellchapman.com |
| Peter M. Brody, Esq.<br>ROPES & GRAY LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948 | Attorneys for SDA Entities<br><br>Tel: 202-508-4600<br>Fax: 202-508-4650<br>Emails: |
| Rocky C. Tsai, Esq.<br>Thad A. Davis, Esq.<br>ROPES & GRAY LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006 | Attorneys for SDA Entities<br><br>Tel: 415-315-6300<br>Fax: 415-315-6350<br>Emails: |

13209849.1

Exhibit B Page 73

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ERIC B. KINGSLEY, ESQ.          SBN 185123<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD 1200<br>ENCINO, CA 91436-2416<br>TELEPHONE NO.: (818) 990-8300      FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: PLAINTIFF | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 2 8 2010<br><br>John A. Clarke Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |
|---|---|
| LOS ANGELES SUPERIOR COURT/CENTRAL (UNLIMITED)<br>STREE ADDRESS: 111 N HILL ST<br>MAILING ADDRESS: 111 N HILL ST<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL | |

| PLAINTIFF/PETITIONER: MARK ZELLER | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: CONSTELLATION BRANDS, INC. | BC443338 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>D-71 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET ADDENDUM AND
   STATEMENT OF LOCATION; CIVIL CASE COVER SHEET; NOTICE OF CASE
   ASSIGNMENT; SUPERIOR COURT OF CALIFORNIA, COUNTY FO LSO
   ANGELES ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
   PACKAGE; NOTICE OF NON-COMPLEX DESIGNATION AND
   REASSIGNMENT; NATURE OF PROCEEDINGS

3. a. Party served:      CONSTELLATION WINES U.S., INC.

   b. Person served:     MARIA SANCHEZ - AGENT FOR SERVICE OF PROCESS @ CT
   CORPORATION

4. Address where the party was served:   818 W 7TH ST 2ND FL, LOS ANGELES CA  90017-3407

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): Oct, 12 2010          (2) at (time):   2:40 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
   CONSTELLATION WINES U.S., INC.
   under the following Code of Civil Procedure section:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:  MARCEL SANCHEZ - ATTORNEY RELATED SERVICES, INC.
   b. Address:  15335 MORRISON ST STE 104, SHERMAN OAKS, CA. 91403-1566
   c. Telephone number: (818) 995-9771
   d. The fee for service was: $  37.00
   e. I am:  (3) registered California process server:
      (i)  Employee or independant contractor
      (ii) Registration No.:  EMP OF 281 (S. RAHEB)
      (iii) County:  VENTURA

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

Exhibit B Page 74

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>ERIC B. KINGSLEY, ESQ.                                    SBN 185123<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD 1200<br>ENCINO, CA 91436-2416<br>TELEPHONE NO.: (818) 990-8300          FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: PLAINTIFF | FOR COURT USE ONLY |
|---|---|
| LOS ANGELES SUPERIOR COURT/CENTRAL (UNLIMITED)<br>STREE ADDRESS: 111 N HILL ST<br>MAILING ADDRESS: 111 N HILL ST<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL | |

| PLAINTIFF/PETITIONER: MARK ZELLER<br><br>DEFENDANT/RESPONDENT: CONSTELLATION BRANDS, INC. | Case Number:<br><br>BC443338 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No.: |

*(Separate proof of service is required for each party served.)*

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 21, 2010

_____MARCEL SANCHEZ_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Marcel Sa* (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Exhibit B Page 75

# ORIGINAL

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>ERIC B. KINGSLEY, ESQ.      SBN 185123<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD 1200<br>ENCINO, CA. 91436-2416<br>TELEPHONE NO.: (818) 990-8300      FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: PLAINTIFF | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 26 2010<br><br>John A. Clarke Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

| | |
|---|---|
| LOS ANGELES SUPERIOR COURT/CENTRAL (UNLIMITED)<br>STREET ADDRESS: 111 N HILL ST<br>MAILING ADDRESS: 111 N HILL ST<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK ZELLER<br><br>DEFENDANT/RESPONDENT: CONSTELLATION BRANDS, INC. | **Case Number:**<br><br>BC443338 |
| **PROOF OF SERVICE OF SUMMONS** | **Ref. No. or File No.:**<br>D-71 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET ADDENDUM AND
   STATEMENT OF LOCATION; CIVIL CASE COVER SHEET; NOTICE OF CASE
   ASSIGNMENT; SUPERIOR COURT OF CALIFORNIA, COUNTY FO LSO
   ANGELES ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
   PACKAGE; NOTICE OF NON-COMPLEX DESIGNATION AND
   REASSIGNMENT; NATURE OF PROCEEDINGS

3. a. Party served:   CONSTELLATION BRANDS, INC.

   b. Person served:   MARIA SANCHEZ - AGENT FOR SERVICE OF PROCESS @ CT
   CORPORATION

4. Address where the party was served:   818 W 7TH ST 2ND FL, LOS ANGELES CA  90017-3407

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): Oct, 12 2010      (2) at (time):      2:40 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
      CONSTELLATION BRANDS, INC.
      under the following Code of Civil Procedure section:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:  MARCEL SANCHEZ - ATTORNEY RELATED SERVICES, INC.
   b. Address:  15335 MORRISON ST STE 104, SHERMAN OAKS, CA. 91403-1566
   c. Telephone number:  (818) 995-9771
   d. The fee for service was: $  42.00
   e. I am:  (3) registered California process server:
      (i)  Employee or independant contractor
      (ii) Registration No.:  EMP OF 281 (S. RAHEB)
      (iii) County:  VENTURA

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007)      **PROOF OF SERVICE OF SUMMONS**      Code of Civil Procedure, § 417.10

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| ERIC B. KINGSLEY, ESQ.      SBN 185123<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD 1200<br>ENCINO, CA 91436-2416<br>TELEPHONE NO.: (818) 990-8300    FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: PLAINTIFF | |

LOS ANGELES SUPERIOR COURT/CENTRAL (UNLIMITED)
STREE ADDRESS: 111 N HILL ST
MAILING ADDRESS: 111 N HILL ST
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: MARK ZELLER | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: CONSTELLATION BRANDS, INC. | BC443338 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 21, 2010

MARCEL SANCHEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_Marcel Sanchez_
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Exhibit B Page 77

BY FAX

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 0 1 2010

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Glorietta Robinson

1   Sarah E. André (State Bar No. 236145)
2     sandre@nixonpeabody.com
    NIXON PEABODY LLP
3   Gas Company Tower
    555 West Fifth Street, 46th Floor
4   Los Angeles, California 90013
    Phone: (213) 629-6000
5   Facsimile: (213) 629-6001

6   Bruce E. Copeland (State Bar No. 124888)
7     bcopeland@nixonpeabody.com
    NIXON PEABODY LLP
8   One Embarcadero Center
    San Francisco, California 94111
9   Phone: (415) 984-8200
    Facsimile: (213) 983-8300
10

11
    Attorneys for Defendants
12  CONSTELLATION BRANDS, INC. and
    CONSTELLATION WINES U.S., INC.
13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA
15
                       COUNTY OF LOS ANGELES
16

17  MARK ZELLER, on behalf of himself and others        Case No. BC443338
    similarly situated,
18                                                       **PEREMPTORY CHALLENGE BY**
19                 Plaintiff,                            **DEFENDANTS CONSTELLATION BRANDS,**
                                                         **INC. AND CONSTELLATION WINES U.S.,**
20         v.                                            **INC. PURSUANT TO C.C.P. SECTION 170.6;**
                                                         **DECLARATION OF SARAH E. ANDRÉ IN**
21  CONSTELLATION BRANDS, INC.;                          **SUPPORT THEREOF**
    CONSTELLATION WINES U.S., INC.; SICA
22  CAVES DU SIEUR D'ARQUES; AIMERY                      [Assigned for all purposes to the Honorable Judge
23  SIEUR D'ARQUES; VIGNERON DU SIEUR                    Soussan G. Bruguera)
    D'ARQUES; DOMAINE ET VIGNOBLE DU
24  SUD, formerly known as Société Ducasse; and          Complaint filed: August 10, 2010
    DOES 1 to 50 Inclusive,
25                                                       Trial Date: None
                   Defendants.
26

27

28
    PEREMPTORY CHALLENGE BY DEFENDANTS
    CONSTELLATION BRANDS, INC. AND CONSTELLATION          13202520.1
    WINES U.S., INC. PURSUANT TO C.C.P. SECTION 170.6;
    DECLARATION OF SARAH E. ANDRE IN SUPPORT
    THEREOF; CASE NO. BC443338

                                                         Exhibit B Page 78

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to *Code of Civil Procedure* § 170.6, Defendants Constellation Brands, Inc., and Constellation Wines U.S., Inc. (the "Constellation Defendants") hereby file their peremptory challenge to the assignment of the Honorable Judge Soussan G. Bruguera to the above-entitled matter. The Constellation Defendants are entitled to make this peremptory challenge at this time because they did not receive notice of the assignment of this matter to Judge Bruguera until October 12, 2010, and they made there first appearance in this matter on October 22, 2010.

This peremptory challenged is supported by the Declaration of Sarah E. André.

DATED: November 1, 2010

Respectfully submitted,

NIXON PEABODY LLP

By: _____

Sarah E. André (State Bar No. 236145)
sandre@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth St., 46th Floor
Los Angeles, CA 90013
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

Attorneys for Defendants
CONSTELLATION BRANDS, INC. and
CONSTELLATION WINES U.S., INC.

-2-

PEREMPTORY CHALLENGE BY DEFENDANTS
CONSTELLATION BRANDS, INC. AND CONSTELLATION
WINES U.S., INC. PURSUANT TO C.C.P. SECTION 170.6;
DECLARATION OF SARAH E. ANDRE IN SUPPORT
THEREOF; CASE NO. BC443338

Exhibit B Page 79

## DECLARATION OF SARAH E. ANDRÉ

I, Sarah E. André, declare as follows:

1.      I am an attorney-at-law, duly licensed to practice in the state of California, and an associate of the firm of Nixon Peabody LLP, counsel for Defendants Constellation Brands, Inc., and Constellation Wines U.S., Inc. (the "Constellation Defendants"). As such, I am personally familiar with this action and have personal knowledge of the facts set forth herein and could competently testify thereto.

2.      I submit this declaration for purposes of a motion under Code of Civil Procedure § 170.6 only. Consistent with the practices and procedures under that statute, I am informed and believe that the Honorable Judge Soussan G. Bruguera, to whom this action is assigned, is prejudiced against the Constellation Defendants and the interests of the Constellation Defendants so that the Constellation Defendants cannot or believe they cannot have a fair and impartial hearing of the matters associated with this action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on November 1, 2010 at Los Angeles, California.

_____
SARAH E. ANDRÉ

-3-

PEREMPTORY CHALLENGE BY DEFENDANTS
CONSTELLATION BRANDS, INC. AND CONSTELLATION
WINES U.S., INC. PURSUANT TO C.C.P. SECTION 170.6;
DECLARATION OF SARAH E. ANDRE IN SUPPORT
THEREOF; CASE NO. BC443338

Exhibit B Page 80

## PROOF OF SERVICE

I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 555 West 5th Street, 46th Floor, Los Angeles, CA 90013.  On November 1, 2010, I served the following document(s):

**PEREMPTORY CHALLENGE BY DEFENDANTS CONSTELLATION BRANDS, INC. AND CONSTELLATION WINES U.S., INC. PURSUANT TO C.C.P. SECTION 170.6; DECLARATION OF SARAH E. ANDRÉ IN SUPPORT THEREOF**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__:    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

____:    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____:    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

____:    By Facsimile — From facsimile number (213) 629-6001, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

Addressee(s):

**Please see attached list.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 1, 2010, at Los Angeles, California.

_Heidi Ornelas_
Heidi Ornelas

-1-

PROOF OF SERVICE
CASE NO. BC430918

13209849.1

Exhibit B Page 81

1

2                          **SERVICE LIST**

3                  **Zeller v. Constellation Brands, et al.**
                   **Los Angeles Superior Case No. BC443338**
4

5

| Eric B. Kingsley, Esq. | Attorneys for Plaintiffs |
|---|---|
| Brian Levine, Esq. | |
| Kelsey Peterson-More, Esq. | Tel: 818-990-8300 |
| KINGSLEY & KINGSLEY, APC | Fax 818-990-2903 |
| 16133 Ventura Boulevard, Suite 1200 | Emails: eric@kingsleykingsley.com; |
| Encino, CA 91436 | blevine@kingsleykingsley.com; |
| | kelsey@kingsleykingsley.com |
| Michael A. Caddell, Esq. | Attorneys for Plaintiffs |
| Cynthia B. Chapman, Esq. | |
| Cory S. Fein, Esq. | Tel: 713-751-0400 |
| CADDELL & CHAPMAN | Fax: 713-751-0906 |
| 1331 Lamar, Suite 1070 | Emails: mac@caddellchapman.com; |
| Houston, TX 77010 | cbc@caddellchapman.com; |
| | csf@caddellchapman.com |
| Peter M. Brody, Esq. | Attorneys for SDA Entities |
| ROPES & GRAY LLP | |
| One Metro Center | Tel: 202-508-4600 |
| 700 12th Street NW, Suite 900 | Fax: 202-508-4650 |
| Washington, DC 20005-3948 | Emails: |
| Rocky C. Tsai, Esq. | Attorneys for SDA Entities |
| Thad A. Davis, Esq. | |
| ROPES & GRAY LLP | Tel: 415-315-6300 |
| Three Embarcadero Center | Fax: 415-315-6350 |
| San Francisco, CA 94111-4006 | Emails: |

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. BC430918

13209849.1

Exhibit B Page 82

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/02/10 | | | | DEPT. 71 |
|---|---|---|---|---|
| HONORABLE Soussan G. Bruguera | JUDGE | K. TOLLACK | DEPUTY CLERK | |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR | |
| J. HERNAND, C.A. | Deputy Sheriff | NONE | Reporter | |

| 3:30 pm | BC443338 | Plaintiff Counsel | NO APPEARANCE |
|---|---|---|---|
| | MARK ZELLER VS CONSTELLATION BRANDS INC ET AL | Defendant Counsel | NO APPEARANCE |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL
PROCEDURE SECTION 170.6

Counsel for defendants Constellation Brands, Inc. and
Constellation Wines U.S., Inc. filed a peremptory
challenge pursuant to Code of Civil Procedure
Section 170.6 on November 1, 2010. The Court, finding
it to be in proper format and timely filed, accepts
the peremptory challenge.

This case is ordered transferred forthwith to
Department 1 for reassignment. All matters now on
calendar in Department 71 are advanced to this date
and are placed off-calendar.

Moving party to give notice.

        CLERK'S CERTIFICATE OF MAILING/

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served a copy of the above minute order of
11-2-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Page  1 of  2   DEPT. 71

MINUTES ENTERED
11/02/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 11/02/10 | | | DEPT. 71 |
| HONORABLE Soussan G. Bruguera | JUDGE | K. TOLLACK | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| J. HERNAND, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | | |
|---|---|---|---|---|
| 3:30 pm | BC443338 | Plaintiff Counsel | NO APPEARANCE | |
| | MARK ZELLER VS CONSTELLATION BRANDS INC ET AL | Defendant Counsel | NO APPEARANCE | |

**NATURE OF PROCEEDINGS:**

Date: November 2, 2010

John A. Clarke, Executive Officer/Clerk

By: _____
           K. TOLLACK

Nixon Peabody
Attn: Sarah E. Andre
555 West Fifth Street, 46th Floor
Los Angeles, California 90013

Page   2 of   2   DEPT. 71

MINUTES ENTERED
11/02/10
COUNTY CLERK

Exhibit B Page 84

# EXHIBIT C

Los Angeles Superior Court - Civil Case Summary

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC443338
*MARK ZELLER VS CONSTELLATION BRANDS INC ET AL*

**Filing Date:** 08/10/2010
**Case Type:** Other Commercial/Business Tort (General Jurisdiction)
**Status:** Pending

**Future Hearings**
None

Documents Filed | Proceeding Information

## Parties

CADDLE MICHAEL A. - Attorney for Plaintiff/Petitioner

CONSTELLATION BRANDS INC. - Defendant/Respondent

CONSTELLATION WINES U.S. INC. - Defendant/Respondent

DOES 1 TO 50 - Defendant/Respondent

DU SIEUR D'ARQUES SICA CAVES - Defendant/Respondent

DU SIEUR D'ARQUES VIGNERON - Defendant/Respondent

KINGSLEY ERIC B. ESQ. - Attorney for Plaintiff/Petitioner

NIXON PEABOCY LLP [L.A.] - Attorney for Defendant/Respondent

NIXON PEABODY LLP - Attorney for Defendant/Respondent

NIXON PEABODY LLP [SAN FRANSCISCO] - Defendant/Respondent

SIEUR D'ARQUES AIMERY - Defendant/Respondent

SU SUD DOMAINE ET VIGNOBLE - Defendant/Respondent

ZELLER MARK - Plaintiff/Petitioner

Los Angeles Superior Court - Civil   Summary                                                          Page 2 of 2

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using
the case number displayed on this page.

**Documents Filed** (Filing dates listed in descending order)

**11/01/2010** CCP 170.6 Application Filed
Filed by Attorney for Defendant/Respondent

**10/26/2010** Proof of Service
Filed by Attorney for Plaintiff/Petitioner

**10/26/2010** Proof-Service/Summons
Filed by Attorney for Pltf/Petnr

**10/22/2010** Objection Document (OBJ OF CONSTELLATION BRANDS, INC. &
CONSTELLATION WINES U.S., INC. TO COURTS DESIGNATION OF CASE AS NON-
COMPLEX, IN RESPONSE TO INVITATION OF COURT )
Filed by Attorney for Defendant/Respondent

**10/22/2010** Declaration (DECL OF SARAH E. ANDRE ISO OBJ OF DEFT TO
COURT'S DESIGNATION OF CASE AS NON-COMPLEX )
Filed by Attorney for Defendant/Respondent

**09/17/2010** Notice (OF NON-COMPLEX )
Filed by Attorney for Plaintiff/Petitioner

**08/10/2010** Complaint

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**11/08/2010** at 01:38 pm in Department 1, ELIHU M. BERLE, Presiding
Order Re: Reassignment of Case (170.6 DEFT) - **Transferred to different
departmnt**

**11/02/2010** at 03:30 pm in Department 71, Soussan G. Bruguera, Presiding
Affidavit of Prejudice - **Granted**

**09/03/2010** at 08:30 am in Department 324, Emilie H. Elias, Presiding
Court Order - **Court makes order**

Case Information | Party Information | Documents Filed | Proceeding Information

Exhibit C Page 86

1

**CERTIFICATE OF SERVICE**

2    I, the undersigned, certify that I am employed in the City and County of Los

3   Angeles, California; that I am over the age of eighteen years and not a party to the

4   within action; and that my business address is Gas Company Tower, 555 West Fifth

5   Street, Suite 4600, Los Angeles, California 90013 (213) 629-6000.  On November 10,

6   2010, I served the following document(s):

7
**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**
**PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**
8

9    on the parties stated below, through their attorneys of record, by placing true

10   copies thereof in sealed envelopes addressed as shown below by the following means

11   of service:

12    _X_: By First-Class United States Mail – I am readily familiar with the firm's

13   practice for collection and processing of correspondence for mailing. Under that

14   practice, the correspondence is deposited with the United States Postal Service on the

15   same day as collected, with first-class postage thereon fully prepaid, in Los Angeles,

16   California, for mailing to the office of the addressee following ordinary business

17   practices.

18    Addressee(s)

19        See attached Service List

20

21    I declare under penalty of perjury under the laws of the United States of

22   America that the foregoing is true and correct.

23    Executed on November 10, 2010, at Los Angeles, California.

24

25

26   Heidi Ornelas

27

28

1

# SERVICE LIST

2

<u>Zeller v. Constellation Brands, et al.</u>

3

United States District Court, Central District

Case No.: _____

4

5

Eric B. Kingsley, Esq.

Attorneys for Plaintiffs

6

Brian Levine, Esq.

Kelsey Peterson-More, Esq.

7

KINGSLEY & KINGSLEY, APC

Tel: 818-990-8300

Fax 818-990-2903

16133 Ventura Boulevard, Suite 1200

8

Encino, CA 91436

Emails: eric@kingsleykingsley.com;

blevine@kingsleykingsley.com;

9

kelsey@kingsleykingsley.com

10

Michael A. Caddell, Esq.

Attorneys for Plaintiffs

Cynthia B. Chapman, Esq.

11

Cory S. Fein, Esq.

Tel: 713-751-0400

CADDELL & CHAPMAN

12

1331 Lamar, Suite 1070

Fax: 713-751-0906

Emails: mac@caddellchapman.com;

13

Houston, TX 77010

cbc@caddellchapman.com;

csf@caddellchapman.com

14

15

Peter M. Brody, Esq.

Attorneys for SDA Entities

ROPES & GRAY LLP

16

One Metro Center

Tel: 202-508-4600

700 12th Street NW, Suite 900

17

Washington, DC 20005-3948

Fax: 202-508-4650

Emails:

18

Rocky C. Tsai, Esq.

Attorneys for SDA Entities

Thad A. Davis, Esq.

19

ROPES & GRAY LLP

Tel: 415-315-6300

20

Three Embarcadero Center

San Francisco, CA 94111-4006

Fax: 415-315-6350

Emails:

21

22

23

24

25

26

27

28

13232932.1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARK ZELLER, on behalf of himself and others similarly situated | CONSTELLATION BRANDS, INC.; CONSTELLATION WINES U.S., INC.; SICA CAVES DU SIEUR D'ARQUES; AIMERY SIEUR D'ARQUES; VIGNERON DU SIEUR D'ARQUES; DOMAINE ET VIGNOBLE DU SUD, formerly known as Société Ducasse; and Does 1 through 50, Inclusive |

| Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Eric B. Kingsley<br>KINGSLEY & KINGSLEY, APC<br>16133 Ventura Blvd, Suite 1200<br>Encino, CA 91436<br><br>818-990-8300 | Thaddeus J. Stauber<br>Bruce E. Copeland<br>NIXON PEABODY LLP<br>555 West Fifth Street, 46th Floor<br>Los Angeles, CA 90013<br><br>213-629-6000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of California Busiess and Professions Codes

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

CV10 8601

American LegalNet, Inc.
www.FormsWorkflow.com

FOR OFFICE USE ONLY: Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mark Zeller, Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country | |
|---|---|---|
| | Constellation Brands, Inc. | Deleware and New York |
| | Constellation Wines U.S., Inc. | New York |
| | SICA Caves Du Sieur D'Arques | France |
| | Aimery Sieur D'Arques | France |
| | Vigneron Du Sieur D'Arques | France |
| | Domaine Et Vignoble Du Sud, formerly known as Société Ducasse | France |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 10 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Gas Company Tower, 555 West Fifth Street, Suite 4600, Los Angeles, California 90013 (213) 629-6000.  On November 10, 2010, I served the following document(s):

## CIVIL COVER SHEET

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 X : By First-Class United States Mail – I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

Addressee(s)

See attached Service List

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2010, at Los Angeles, California.

Heidi Ornelas

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST

## Zeller v. Constellation Brands, et al.
### United States District Court, Central District
### Case No.: _____

| | |
|---|---|
| Eric B. Kingsley, Esq.<br>Brian Levine, Esq.<br>Kelsey Peterson-More, Esq.<br>KINGSLEY & KINGSLEY, APC<br>16133 Ventura Boulevard, Suite 1200<br>Encino, CA 91436 | Attorneys for Plaintiffs<br><br>Tel: 818-990-8300<br>Fax 818-990-2903<br>Emails: eric@kingsleykingsley.com;<br>blevine@kingsleykingsley.com;<br>kelsey@kingsleykingsley.com |
| Michael A. Caddell, Esq.<br>Cynthia B. Chapman, Esq.<br>Cory S. Fein, Esq.<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010 | Attorneys for Plaintiffs<br><br>Tel: 713-751-0400<br>Fax: 713-751-0906<br>Emails: mac@caddellchapman.com;<br>cbc@caddellchapman.com;<br>csf@caddellchapman.com |
| Peter M. Brody, Esq.<br>ROPES & GRAY LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948 | Attorneys for SDA Entities<br><br>Tel: 202-508-4600<br>Fax: 202-508-4650<br>Emails: |
| Rocky C. Tsai, Esq.<br>Thad A. Davis, Esq.<br>ROPES & GRAY LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006 | Attorneys for SDA Entities<br><br>Tel: 415-315-6300<br>Fax: 415-315-6350<br>Emails: |

13232932.1

CERTIFICATE OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 8601 CAS  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.